CASE 27.—PROCEEDINGS BY LOUIS J. SCHUFF AGAINST MARY C. DUNKER, HIS FORMER WIFE, TO HAVE CERTAIN PROPERTY RESTORED TO HIM WHICH HE CONVEYED TO HER IN CONSIDERATION OF MARRIAGE.—June 3, 1909.

## Dunker v. Schuff

Appeal from Jefferson Circuit Court (Chancery Branch, Second Division.)

SAMUEL B. KIRBY, Judge.

From the judgment defendant appeals.—Affirmed.

1. Divorce—Disposition of Property—Restoration of Property conveyed in Consideration of Marriage.—That a wife rendered valuable services to her husband, and that she practiced every kind of economy is not of itself sufficient to show a valuable consideration for a conveyance by him to her but it must also appear that such services were the moving cause of the conveyance to defeat a proceeding by the husband under Civ. Code Prac. Sec. 425, after divorce by the wife, to have restored to him the property as having been conveyed by him to his wife in consideration or by reason of the marriage.

2. Divorce—Disposition of Property—Restoration.—Where money given to a wife by her mother went into her husband's property, and he received the benefit thereof, and her savings also went into his property, in a proceeding by the husband under Civ. Code Prac. 425, after divorce by the wife, to have restored to him property conveyed to his wife in consideration of the marriage, the chancellor should do so only after a balancing of the equities between them.

O'NEAL & O'NEAL and GREENE & TILFORD for appellant.

Dunker v. Schuff.                    ,

POINTS AND AUTHORITIES.

1. The Circuit Court had no power to adjudge the property insolved in this action to be "Community property" and to order a sale thereof and a division of the proceeds between appellant and appellee.

2. The sole question involved in this action is whether or not there was a valuable consideration for the conveyance to appellant of the real estate during marriage and for the vesting of appellant's interest in the insurance policy. If there was such valuable consideration, appellant should be adjudged the owner of the property unconditionally, and if not, the property should be reconveyed to appellee.

3. The proof in this case establishes beyond controversy that there was a valuable consideration for the conveyance by appellee to appellant of the property involved amply sufficient to support any transfer from the husband to the wife which may have been made during marriage. Civil Code of Practice, Section 425; Bennett v. Bennett, 26 S. W. 392; Irwin v. Irwin, 52 S. W. 927; Phillips v. Phillips, 9 Bush 183; American & English Encyclopaedia of Law, 2nd Edition, Volume 6, page 703.

A. M. RUTLEDGE and LOUIS WEHLE for appellee.          '

POINTS AND AUTHORITIES.

1. A husband, who during marriage, as a gift, without consideration, conveyed property to the wife, is entitled to restoration of it after a decree of absolute divorce. Code Section 425; Bennett v. Bennett 19 K. L. R. 1243.

2. Where the wife contributed toward the maintenance of the couple during the marriage relation, the Court may properly qualify such restoration by providing that the wife shall receive some portion of the property to be restored to the husband, such portion to be determined upon by him on equitable principles. Bennett v. Bennett, 19 K. L. R. 1243.

3. "The division is within the discretion of the Court and will not be disturbed on appeal unless the rights of the parties have been clearly disregarded." Cyc. "Divorce" Vol. 14, page 792.

OPINION OF THE COURT BY WM. ROGERS CLAY, COMMISSIONER—Affirming.

Appellant, Mary C. Dunker (formerly Mary C. Schuff), obtained a divorce from her husband, Louis J. Schuff. Afterwards Louis J. Schuff instituted

supplementary proceedings to have restored to him certain property, which he claims was conveyed to his wife during marriage in consideration and by reason thereof, as provided by section 425 of the Civil Code of Practice. Appellant defended on the ground of valuable consideration. The property involved is a piece of real estate situated on West Broadway street in Louisville, Ky., and a paid-up life insurance policy in the New York Life Insurance Company, made payable to Mary C. Schuff in case of the death of Louis J. Schuff before December 11, 1915—after that the benefit of the policy to revert entirely to Louis J. Schuff—on which date he will be entitled to select and receive one of several benefits which it will not be necessary to set forth. The West Broadway street property was conveyed to appellant by appellee on March 3, 1901. The deed provided for a life estate in appellant, with power to dispose of the property by will, but, in default of the exercise of that power, the property to go to appellee. On submission of the case to the chancellor he ordered a sale of the real estate and the policy of insurance, and directed that the proceeds be equally divided between appellant and appellee. From that judgment this appeal is prosecuted.

It appears from the record that in 1892 appellee sold out his interest in the William Schuff tannery for $5,700. In the same year he bought of Scott Newman, Jr., the lot in question at 1516 West Broadway, paying therefor the sum of $1,397. At the same time he bought improved property on Harney street and Grayson street and paid therefore $3,100. Appellee then had a house built on the West Broadway street lot, which cost him about $2,300. Of this amount

about $1,300 was paid in cash by Schuff out of his own resources. The balance was obtained by the execution of a mortgage for $1,000 to the National Building & Loan Association. Several hundred dollars were paid in the building association, and thereafter the sum of $1,500 was borrowed from the Fidelity Trust Company, and secured by mortgage upon the same property. A portion of this went to the payment of the mortgage to the National Building & Loan Association. Thereafter appellee borrowed from his mother-in-law the sum of $1,900, and paid his indebtedness to the Fidelity Trust Company. A few months later appellee received for his interest in the estate of his uncle, William Schuff, the sum of $2,500. Out of this sum the indebtedness to his mother-in-law, Mrs. Duncan, was paid off. In 1895 appellant went into business by opening a small store at Fifteenth and Maple streets, which she conducted in her own name. A portion of the capital for this enterprise was derived from gifts from her mother and the sale of a certain leasehold belonging to appellee at the price of $350. The remainder of the capital consisted of appellant's savings. The business prospered from the beginning. After a while it grew to such an extent that a new location was secured. The profits from this business are variously estimated at from $30 to $100 per month. At the same time appellant and appellee were deriving from $45 to $50 per month as rents from appellee's property. For several years appellant conducted an account with the Louisville Trust Company. This account was first made up by deposits from the proceeds of rents and from savings made by appellant out of her allowance for housekeeping. After she went into business, the ac-

count was supplemented by the income from the store which she conducted.

The evidence shows that appellant was an energetic and thrifty woman, while appellee was improvident and without business capacity. There can be no doubt that at various times he was greatly in debt, and that it was chiefly by the efforts of appellant that his debts were paid off. Appellant testified that the consideration for the conveyance to her was the agreement on her part to pay appellee's debts, and that this agreement was carried out by her. Appellee testified however, that there was no such agreement; that he made the conveyance only to make her perfectly safe if anything thereafter happened. Here, then, we have appellant testifying one way and appellee testifying another. In veiw of certain inaccuracies in the testimony of appellant, the chancellor concluded that the property was conveyed to her merely as a well-deserved gift, and not by reason of any valuable consideration proceeding from appellant to appelle. After a careful reading of the record, we are not disposed to disturb the finding of the chancellor. There can be no doubt that valuable services were rendered by appellant. She practiced every kind of economy to preserve her husband's estate; and doubtless the estate would have been lost to him had it not been for her hard labor and many sacrifices. But these facts in and of themselves are not sufficient to show a valuable consideration for the conveyance. If in every case the party against whom restoration was sought could show that he rendered valuable services, the purpose of the statute could be readily defeated. It is not, then sufficient to show valuable services. It must also be shown that the services were the moving cause of

the conveyance. In other words, the conveyance must be made in payment for the services or in pursuance of a contract, agreement, or understanding by which the services were to be compensated for in that manner. In this case the valuable services were proved, but that they were the moving cause of the conveyance was not sufficiently shown. Under the circumstances, therefore, appellee was entitled to restoration. In view, however, of the fact that $1,000, given to appellant by her mother, went in some way into appellee's property and he received the benefit thereof, and appellant's savings also went into his property, it was but right and proper in ordering a restoration that the chancellor should do so only after a balancing of equities between appellant and appellee. Of course, it was impossible for him to tell exactly the amount that should have gone to each in view of the fact that each party's money went into the property in question, and that its loss was prevented by appellant by saving out of the rents of the estate and her income from the business sufficient to keep it from being sold. She should not be required to restore that which is hers, nor should appellee be deprived of that which was conveyed in consideration of marriage.

Upon the whole case we conclude that the chancellor did substantial justice between the parties, and that the judgment should be affirmed; and it is so ordered.