## Dunn v. Dunn.

(Decided April 17, 1919.)

### Appeal from Clark Circuit Court.

1. Divorce—Restoration of Property.—Where one spouse obtained property from the other during marriage and by reason thereof, it should be restored to the one from whom it was obtained on a decree of divorce.

2. Divorce—Restoration of Property.—Property deeded by the husband to the wife without consideration during marriage, and money furnished by him to her with which to purchase property are presumed to have been obtained through and by reason of the marriage relation and should be restored by a judgment divorcing the parties.

R. H. TOMLINSON for appellant.

BENTON & DAVIS for appellee.

Opinion of the Court by Judge Sampson—Affirming.

Appellant, Lena C. Dunn, and appellee, James H. Dunn, were married in 1898, and lived together most all the time up to 1915, when Lena abandoned her husband. At the time of their marriage James H. Dunn owned a considerable farm in Garrard county, worth $8,000.00 or $9,000.00, and he had some personal property, all of which he inherited from his ancestors. Mrs. Dunn had nothing at the time of her marriage, but afterwards received something like $100.00 from the estate of her father. Immediately after their marriage they moved on to the farm and lived there for a short while. In 1903 a part of the farm was sold and another farm purchased. In 1906 James H. Dunn bought from Harris a house and lot on Richmond street, in Lancaster, for which he paid $1,600.00, and a deed was made to James H. Dunn. On the 14th of September, 1918, this property was conveyed by appellee to appellant in consideration of some matter which grew out of the marriage relation. In 1905 appellee purchased of Jenny F. Arnold and others a parcel of land in Lancaster for which he paid $2,300.00, and this was deeded to appellant, Lena C. Dunn. In 1906 this property and a lot which appellee had conveyed to appellant were sold for $3,100.00. Finally a house and lot were acquired in Burgin, Kentucky, worth about $2,000.00, and one in Winchester, Kentucky, worth about $3,000.00, but the legal title to the Burgin property was in the appellant, Lena C. Dunn, and a life estate in the Winchester property was also in her. Money derived from the sale of the lands which appellee, James H. Dunn, inherited from his forebears was used to pay for these two pieces of property. No part of the consideration, so far as this record discloses, was provided by Lena C. Dunn, except as she obtained funds from her husband. She does not show where she earned or acquired any money or property, except from her husband, and the $100.00 which she received from the estate of her parents, and this $100.00 was used by her for personal expenses.

This suit was instituted on the 28th of September, 1917, in the Clark circuit court, by Lena C. Dunn against her husband, James H. Dunn, for divorce, the custody of their only son, James H., Jr., for maintenance during the pendency of the action and for alimony upon the

ground that appellee Dunn, without like fault on the part of appellant, had habitually behaved towards her for not less than six months in such cruel and inhuman manner as to indicate a settled aversion to her and to destroy permanently her peace and happiness. The answer traversed the grounds of divorce alleged in the petition, and as counterclaim alleged that the plaintiff abandoned him in February, 1915, and had since refused to and had not lived with him. Further pleading the answer averred that appellee held the title to the house and lot in Winchester, worth $3,000.00, and a house and lot in Burgin, Ky., worth $1,800.00, which had been purchased and paid for with money belonging to appellee, and that appellant obtained title to both the said pieces of property from appellee during their marriage in consideration of and by reason of the fact that the plaintiff was his wife, and he asked that said property be restored to him. The grounds of divorce alleged in the counterclaim were traversed by reply. Quite a bit of evidence was taken upon the issues as joined, but on December 20,1916,appellee tendered and offered to file an amended answer and counterclaim, to which motion appellant objected. The motion was supported by an affidavit which is in part as follows:

"The affiant, James H. Dunn, says that since this cause was submitted, in fact on the 16th day of December, 1916, he learned for the first time that the plaintiff was unfaithful and untrue to him while she was living with him as his wife, and that while they were living together in Winchester, Kentucky, the plaintiff would, under the pretense of visiting her sister, Mrs. Clyde Pullins, go to Richmond, Ky., and while there would be guilty of adultery with men, to-wit: (naming them), and perhaps others whose names are unknown to this affiant."

He asks to be permitted to take additional proof upon the amended answer and counterclaim tendered. The court, after due hearing, allowed the amended answer and counterclaim to be filed, and the case continued for further preparation.

Upon final hearing the court dismissed appellant's petition and granted divorce to appellee, James H. Dunn, on his counterclaim, and adjudged "the property mentioned in the pleadings and evidence in this case, the title to which is in the name of the plaintiff, Lena C. Dunn, was obtained by her from the defendant, James H. Dunn, during their marriage and in consideration thereof, and

it is adjudged that said property be, and it is, hereby re-stored to the defendant, James H. Dunn.''

The care and custody of the infant son, James H. Dunn, Jr., was committed to the plaintiff, Lena C. Dunn, with the right to defendant to see and visit his son at reasonable times. Provision was also made for the main-tenance of the son out of the property of James H. Dunn; an attorney fee of $50.00 was adjudged to counsel for ap-pellant to be paid by appellee, and a fee of $20.00 to the county attorney, and appellee was adjudged to pay all the cost. From this judgment Lena C. Dunn appeals, not to reverse the judgment of divorce, but that part of the judgment which restores the real property to James H. Dunn.

''Every judgment for a divorce from the bonds of matrimony shall contain an order restoring any property not disposed of at the commencement of the action, which either party may have obtained, directly or indirectly, from or through the other, during marriage, in consid-eration or by reason thereof; and any property so ob-tained, without valuable consideration, shall be deemed to have been obtained by reason of marriage. The pro-ceedings to enforce this order may be by petition of either party, specifying the property which the other has failed to restore; and the court may hear and determine the same in a summary manner, after ten days' notice to the party so failing.'' Civil Code, sec. 425.

This section of the Civil Code has been construed and applied in the following cases: Phillips v. Phillips, 173 Ky. 608; Golding v. Golding, 82 Ky. 51; Fields v. Walker, et al., 174 Ky. 461; Pruett v. Pruett, 178 Ky. 802.

There is little or no doubt that the property in ques-tion came directly through and from the means of appel-lee, James H. Dunn, and that appellant, Lena C. Dunn, provided no part of it. It also satisfactorily appears that she obtained title to the property in controversy from and through her husband ''during marriage, in consid-eration or by reason thereof,'' and without a valuable or any consideration. By the provision of the section of Civil Code, *supra*, such conveyance is ''deemed to have been ob-tained by reason of the marriage.'' The wife seems to have been a much better financier than her husband, be-cause she managed and acquired all his property. Her counsel argues that but for her frugality and adroitness appellee's estate would have ben dissipated because he

was of a roving disposition and improvident. This may be true, but since the property was acquired by money which came indirectly, if not directly, from the estate inherited by him, under the express provision of the Code it must be restored to him upon the granting of divorce.

As there is no substantial error in the judgment it must be, and is, affirmed.