## Duke v. Duke.

(Decided March 9, 1923.)

Appeal from Kenton Circuit Court.
(Criminal, Common Law and Equity Division).

1. Divorce—Home Purchased With Husband's Earnings Properly Awarded to Him.—Under Civil Code of Practice, section 425, making it the chancellor's duty, in rendering a judgment of divorce, to restore any property not disposed of at the commencement of the action, which either party may have obtained from the other during marriage, in consideration or by reason thereof, it was proper for the chancellor to award to the husband the home of the parties, title to which had been taken in the name of the wife,

but which had been entirely paid for from the earnings of the husband, unless the chancellor was of the opinion that the home should be subjected to the wife's claim for alimony.

2. Divorce—Allowance of $50.00 Per Month to Wife, in addition to Other Property, Held Sufficient.—Where the husband was earning $200.00 a month, and the wife was awarded $3,000.00, which had been given her by her husband a few months before the separation, and which represented all their savings, except the home, valued at $6,000.00, which was awarded to the husband, and in addition was allowed to retain the household furniture, an allowance of alimony in the future at the rate of $50.00 a month was fair to the wife.

3. Divorce—Allowance of $50.00 Per Month as Alimony Held not too Much.—Where the husband, who was a vigorous man earning $200.00 a month, was given by the judgment practically two-thirds of all that he and his wife had saved during their married lives, an allowance of $50.00 a month as alimony to the wife was not excessive.

MARTIN J. BROWN for appellant.

APPLEGATE & MANSON for appellee.

OPINION OF THE COURT BY JUDGE MOORMAN—Affirming on original and cross appeals.

In December, 1918, appellant, Elizabeth Duke, filed suit in the Kenton circuit court against appellee, John T. Duke, for divorce on the ground of cruel and inhuman treatment. More than a year afterwards appellee filed answer and counterclaim, denying the allegations of the petition and asking for a divorce on the ground of abandonment. The lower court granted a divorce to appellant, and, in addition to allowing her to retain about $3,000.00 that appellee had previously given her, awarded her alimony in the sum of $50.00 a month, subject to the further orders of the court. Their residence at 410 Delmar place, Covington, Ky., was adjudged to appellee but the household furniture was given to appellant. Appellant contends that it was error not to adjudge the residence to her, and appellee insists on cross appeal that the divorce was unauthorized and the award of alimony should be reversed.

The parties were married in 1894. Appellee, who is a train conductor for the C. & O. Ry. Co., is fifty-six years of age and appellant is six years his junior. Appellee is earning about $200.00 a month. When the parties were married they had nothing, but both of them seem to have

been industrious and economical. From their savings they bought the home at 410 Delmar place, which is worth six or seven thousand dollars. Appellee had accumulated $3,000.00 in cash about a year before this suit was filed, and perhaps has saved something out of his salary during the time that it has been pending. The parties have no children, but the evidence shows that their married life was happy until as late as 1917. At that time they became involved in an altercation, during which appellee struck appellant. She caused him to be arrested, but they agreed to compose their differences, and, in an attempt to do so, he turned over to her the $3,000.00 that he had in bank. They lived together for several months thereafter, but their domestic affairs never again ran smoothly. In 1918 appellee lost his position at Covington and was compelled to accept a position some distance from home. He remained away for six months but was reinstated in his old position and returned to Covington. On his return he went to his home, but found several boarders in the house, and was informed by appellant that his room was occupied but that he might occupy a room with another man in the house. He refused to stay, procured a room at the Y. M. C. A., and the next morning went to the house again and got some of his clothing and personal effects. It is in evidence that he made threats against appellant in the neighborhood, and she then instituted this suit for divorce and procured a temporary injunction, enjoining him from coming to the residence or interfering with or molesting her.

The testimony in respect to the grounds of divorce is conflicting. No useful purpose can be served by discussing it in this opinion. It is only necessary to say that the evidence does not sustain appellee's claim but there is evidence to support the decree for appellant.

The sole ground of the original appeal is that the court should have awarded to appellant the residence at 410 Demar place. It is said that the title is in her name and that she should be given the property or at least a life estate in it. Adams v. Button, 156 Ky. 693, and Stratton v. Wilson, 170 Ky. 61, are relied on to sustain the contention. Neither of those cases, however, is applicable to the question presented, for in neither of them was there a contest over the property between the husband and the wife in a divorce proceeding. Under section 425 of the Civil Code it is the duty of the chancellor in rendering a judgment of divorce to enter an order restoring

any property not disposed of at the commencement of the action which either party may have obtained directly or indirectly from or through the other during marriage, in consideration or by reason thereof; and it is provided that any property so obtained without valuable consideration shall be deemed to have been obtained by reason of marriage. The residence was admittedly purchased from the earnings of appellee, and, under the provision of the Code referred to, should have been adjudged to him unless the chancellor was of opinion that it should be subjected to appellant's claim for alimony. This involves an inquiry into the adequacy of that allowance. Appellant was awarded the $3,000.00 that appellee had given her a few months before their separation. She was allowed to retain the household furniture and given alimony in the sum of $50.00 a month. It appears, therefore, that she has received practically one-third of the accumulated estate of appellee, and, in addition, is to receive in the future, subject to the orders of the court, a monthly allowance of $50.00. We think the allowance fair and that appellant has no reason to complain of it.

On the cross appeal it is insisted that the evidence did not justify the decree of divorce, and, if that be true, the judgment for alimony should be reversed. It is admitted, of course, that the decree cannot be reversed even if erroneously granted, but it is contended that the evidence must be reviewed in deciding whether the award of alimony was proper, and if it is our conclusion that it was not proper to grant the divorce, the judgment, in so far as it awards alimony, must be reversed. We have already remarked that there is evidence to sustain the decree, which decision disposes of the main part of appellee's contention. There remains only the additional contention that the award is too high. In answer to this contention we may say that appellee is earning a substantial salary, is shown to be a vigorous man, and has been given by the judgment practically two-thirds of all that he and appellant have saved during their married lives. We may add that the industry and economies of appellant assisted to a material extent in the accumulation of this estate. In view of those facts, we conclude that the award is fair.

The judgment is affirmed on the original and cross appeals.