# Fain v. Minge.

(Decided November 17, 1931.)

G. C. WILSON and W. A. STANFILL for appellant.

W. C. EVERSOLE for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—
Reversing in part and affirming in part.

The parties to this appeal were married in October, 1914. They separated in 1928, the wife taking their four small children to Tennessee. She procured a divorce in that state on February 15, 1929, on the ground of cruel treatment and failure to provide. Custody of the children was awarded to her. It appears that the husband was before that court on constructive service, and that he interposed no defense. The husband procured a decree of divorce in the Perry circuit court on May 10, 1929, which undertook to award him the custody of the children, who were then with their mother in Tennessee. It appears that the wife was constructively summoned and made no defense.

This suit was filed by the appellant, the former wife, against her former husband, alleging that she was the joint owner of certain house furnishings held by him and of a house and lot in Hazard which had been conveyed to them jointly in April, 1922. She prayed for a sale of this property and a division of the proceeds, for an accounting of rents, and for alimony and maintenance for herself and children. The defendant denied her right to the custody of the children and alimony, and that she had any interest in the property. As a counterclaim, he charged that the wife had abandoned him and had been

living in adultery; that he had been divorced by the Perry circuit court; and that he had bought and paid for the property without any interest therein being acquired by the plaintiff, except as his wife and by reason of the marriage. It was averred that the conveyance of the real estate had been made to them jointly, as it was their home, and that the wife had paid no part of the purchase price, had no interest in it, and that he was entitled to have the title in her divested and placed in himself as being the sole owner. Much of the evidence introduced bore on the domestic difficulties, and some of it was hearsay in its nature. That was immaterial to the issue involved. It was properly shown, however, that the husband had paid for the property out of his earnings, and that the wife had had no individual estate. The basis of her claim to a joint interest is that the husband had nothing when they married and the money used to buy the property had been accumulated by their joint efforts; she having worked hard in domestic ways, and economized and sacrificed that the home might be acquired.

Section 425 of the Civil Code of Practice directs that every judgment for a divorce shall contain an order restoring any property "which either party may have obtained directly or indirectly from or through the other during marriage in consideration or by reason thereof; and any property so obtained without valuable consideration shall be deemed to have been obtained by reason of marriage." Where the order is not made at the time, it may be obtained in an independent action, such as this one. Anheier v. De Long, 164 Ky. 694, 176 S. W. 195, Ann. Cas. 1917A, 1239.

The question we have for disposition is whether the service of a wife to her family which results in helping to save a fund used to purchase a home, gives her a legal right therein; the husband at the time recognizing her efforts by having the conveyance made to them jointly. In a word, is that a valuable consideration?

The Code provision, and this subject generally, received full consideration in the Anheier case, but the facts are different from those here presented. More nearly like them are those to be found in Duke v. Duke, 198 Ky. 173, 248 S. W. 500, and West v. West, 229 Ky. 125, 16 S. W. (2d) 781. In them the wife had been frugal and industrious and had held up her end of the matrimonial bargain by doing the housework, and, by economy and industry, assisted in the accumulation of a competency,

as did this appellant. In the former case, the entire title to the property had been placed in the wife, and, in the latter, a joint interest. In both cases it was held that the title to the property had been obtained by reason of the marriage and not for any valuable consideration, as that term is used in the Code. Under slightly different conditions, the same decision was reached in Dunn v. Dunn, 183 Ky. 841, 210 S. W. 943. The conclusion may seem unfair to the wife, but it cannot be so regarded when measured by the legal theory coming down to us from ancient times and not wholly destroyed by the nearly complete emancipation of woman in these later days that the husband is entitled to the benefit of his wife's domestic services. Counterbalancing this, it is to be remembered, the husband is legally obligated to support his wife and the accumulation of property is taken into consideration in awarding alimony.

It follows that the court properly adjudged that the appellant had no interest in the property and restored the title to the husband, although he placed his conclusion upon the ground that her name had been placed in the deed by inadvertence of the draftsman, supporting which there was neither pleading nor evidence.

The appellee is a locomotive engineer with current earnings of about $200 a month. He expressed a willingness to provide for his children, although he had not done so since the separation of his wife and himself. This was sought in the petition, but the court ignored it. The evidence is hardly sufficient to render a judgment for alimony, but it is sufficient to authorize an order directing the husband to pay $50 a month for the maintenance of his children.

Therefore, to that extent the judgment is reversed with directions to enter an order consistent with this conclusion. With respect to the property, the judgment is affirmed.