# Stewart v. Stewart et al.

(Decided Dec. 14, 1937.)

CLAUDE E. SMITH and W. H. BARNES for appellant.

WILLIAM L. WILSON and CARY, MILLER & KIRK, for appellees.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

Fidella Stewart was granted a divorce from her husband, Artemus Stewart, and awarded $2,500 alimony and an attorney's fee of $100. The judgment also set aside a deed from Artemus Stewart conveying two pieces of real estate to his wife during her natural life, or so long as she remained his wife or widow. Artemus Stewart appeals, and Fidella has been granted a cross-appeal.

We deem it unnecessary to review at length the evidence bearing on the relations of the parties. It is sufficient to say that it discloses no such fault or misconduct on the part of the wife as would relieve appellant of the obligation of support.

We come then to the claim that the alimony is excessive. The basis of this claim is that the two pieces of real estate are worth only $5,000, that appellant is indebted in the sum of about $3,300, and is not able to do much work. If this were all, there might be some merit in the contention. While it may not be said that appellant and appellee were partners, it cannot be doubted that the accumulation of the property they had

was due to some extent at least to her efforts. Moreover, the purchase price of the two pieces of property, which were bought a few years ago, aggregated $7,850, and the argument that they are now worth only $5,000 is not very persuasive. It is true that appellant testified that he owed about $3,300, but his statements lack clearness and directness, and when carefully analyzed show that he has confused indebtedness with losses. The record also discloses that appellant is a man of some business capacity, although he may not be able to do much physical work. The amount of alimony rests largely in the discretion of the chancellor. Emery v. Emery, 264 Ky. 331, 94 S. W. (2d) 634. And after careful consideration of all the evidence we are not disposed to hold that the allowance was either too large or too small, or that the fee allowed counsel for appellee was too small, in view of appellant's earning capacity and the amount of his estate. Taylor v. Taylor, 263 Ky. 208, 92 S. W. (2d) 72.

We also have before us for review the action of the chancellor in quashing two writs of possession, and discharging a rule against Florence Thompson, sheriff of Daviess county. As before stated, appellee was awarded $2,500 alimony and $100 for her attorney, to secure the payment of which she was adjudged a lien on two parcels of real estate which appellant had conveyed to her for and during her natural life, or so long as she remained his wife or widow, and the deed conveying the property was set aside and the property ordered restored to appellant. The husband objected and excepted to so much of the judgment as granted the wife a divorce and alimony and adjudged a lien on the property to secure the payment of same, and to so much of the judgment as canceled the deed of conveyance from the husband to the wife on June 5, 1934, and prayed an appeal, which was granted. On June 6, 1936, appellant superseded the foregoing portion of the judgment and had a supersedeas issued. On July 25, 1936, appellant caused to be issued from the office of the clerk of the Daviess circuit court a writ of possession directing Florence Thompson, sheriff of Daviess county, to place appellant in possession of the premises described in the judgment, and the writ was returnable on September 19, 1936. The sheriff caused the writ to be

served on appellee Fidella Stewart on August 10, 1936, but she did not fully execute the writ by placing appellant in possession, or returning the writ to the clerk of the court. But on September 21, 1936, two days after the writ of possession was returnable, and the first day of the Daviess circuit court after the service of the writ, appellee Fidella Stewart moved the court to quash the writ of possession. On the same day appellant asked for a rule against the sheriff to show cause, if any, why the writ was not returned on or before its return day. In proper time the sheriff filed a response and gave as her reason for not exercising the writ that, on advice of her attorneys, she deemed it was not her legal duty to execute the writ, and that she had no legal right to execute it, as the judgment had been appealed from and supersedeas bond executed, and a supersedeas issued prior to the time the writ of possession was issued from the clerk's office. On September 23, 1936, appellant and his surety on the supersedeas bond of June 6, 1936, undertook to cancel and release the bond, and attempted to execute another bond superseding so much of the judgment as awarded appellee alimony and an attorney's fee and adjudged a lien on the real estate to secure same. On the same day a hearing was had on the motion to quash the writ and on the rule against the sheriff. Before the questions were determined, appellant caused to be issued on December 15, 1936, another writ of possession against Fidella Stewart. Before the return of that writ Fidella Stewart made a motion to quash the writ. Thereafter, the chancellor quashed the writs and discharged the rule against the sheriff. As the cancellation of the deed is one of the steps by which the property was to be restored to appellant, and that part of the judgment was superseded, it is not altogether clear that the execution of the supersedeas bond and the issuance of the supersedeas did not have the effect of maintaining the status quo and rendering the writ of possession void. But however that may be, the whole matter was brought before the chancellor in a proper way. As we view it, the judgment was an entirety, and it was contemplated that appellant should pay the alimony at the time he was given possession of the property, and not that he should have immediate possession of the property, and appellee be

deprived of her livelihood. Hence though it may be true that the sheriff was guilty of technical violation of duty in not fully executing the writs of possession, we are constrained to the view that the chancellor, who had control of his own processes, met the situation in a practical way, and did substantial justice by quashing the writs and discharging the rule against the sheriff.

As to Fidella Stewart, the judgment is affirmed both on the original and cross-appeals.

On the appeal as to Florence Thompson, sheriff of Daviess county, the judgment is affirmed.