## Hanks v. Hanks.

March 8, 1940.

W. R. Shackelford, Judge.

Beverly P. White and M. C. Redwine for appellant.

M. E. Strange and John D. Atkinson for appellees.

OPINION OF THE COURT BY JUDGE TILFORD—Reversing.

On September 14, 1935, the appellee instituted in the Powell Circuit Court action No. 1546, in which she prayed for an absolute divorce from appellant on the grounds of drunkenness and cruelty, and on June 24, 1936, a judgment was entered awarding her the relief sought, including the custody of their child, and an attorney's fee of $25. The judgment, however, did not contain an order restoring property obtained through or by reason of marriage, as required by Civil Code of Practice, Section 425. On July 17, 1936, appellant, as authorized by this section of the Code, instituted in the same court action No. 1560, in which he alleged that appellee during and by reason of her marriage to him had obtained the legal title to certain hotel property in Stanton, Kentucky, for which he had paid the consideration to the grantor, and which he was entitled to have restored to him. On June 7, 1937, before any judgment

had been entered in action No. 1560, appellant instituted in the same court action No. 1633, alleging that he had not been served with summons in action No. 1546, had not appeared therein, and had been prevented from defending the same by the fraud of appellee, and for these reasons and because no order of submission and no order directing the proof to be taken orally had been entered by the Court as required by the Code, the judgment of divorce was void. The allegations of the petition in action No. 1560 respecting appellant's ownership of the real estate standing in appellee's name were reiterated, and the prayer was that the judgment of divorce be adjudged void and the property restored to him. On November 16, 1937, the appellee moved the Court to enter nunc pro tunc a judgment alleged to have been "rendered" by the Court in action No. 1560, adjudging appellee the owner of the property in question but requiring her to pay appellant $100, and this motion the Court appears to have sustained, although the record is not clear on this subject. We shall not attempt to recite the various motions made, pleadings filed, and orders entered in attempting to straighten out these much confused proceedings. It is sufficient to say that eventually all three actions were consolidated, the proof taken in actions Nos. 1560 and 1633 considered, and a judgment entered on March 21, 1938, dismissing appellant's petition in action No. 1633, from which judgment an appeal to this Court was prayed and granted.

The claim that appellant was not served with summons in the divorce action appears to have been abandoned, and was unavailing in any event in view of the sheriff's return thereon (Kentucky Statutes, Section 3760), but appellant still insists that the judgment rendered is void because of the irregularities in the proceedings. He also insists that the Court was without power to enter nunc pro tunc the judgment complained of in action No. 1560. However, it is apparent that since the Court had jurisdiction of the parties and the subject matter, the orders complained of, no matter how erroneous, were not void, and that this Court is without power to review the judgment granting the divorce (Kentucky Statutes, Section 950-1). Moreover, counsel for both parties concede that the real question at issue is the ownership of the hotel property and that the question is

properly before this Court for determination. Hence, we will not discuss further the various questions presented by the irregular and unusual procedure employed to raise that issue.

It is established by the testimony that at the time appellant married appellee (April 24, 1923) he was possessed of an estate worth more than the purchase price, $1750, paid for the hotel property, which was conveyed to appellee by William Howell and wife on March 25, 1935, and it is admitted by appellee that at the time of her marriage she was without a home, money, or estate of any kind. However, after her marriage she worked in a factory and kept boarders, and in March, 1926, for $570, purchased 5.7 acres of land adjoining a 44 acre tract, the Knox farm, which was subsequently purchased and conveyed to appellant for $3500. Later this property was sold as one boundary for $4350, and $3500 of the proceeds used in purchasing a farm of 175 acres, which was conveyed to appellee in October, 1928. In 1932 this farm was sold at a loss of $1000, and in May, 1933, the Ewen farm of 100 acres was purchased for $2000 and conveyed to appellant and appellee jointly. On March 26, 1935, they sold the 100 acres acquired from Ewen to Flora Whisman for $2000, and it was $1750 of this $2000 that was used in purchasing the hotel property involved in this litigation.

It is conceded that appellant's share of the proceeds of the sale of his father's farm went into the purchase of the Knox farm, and that during the early years of his marriage he frequently earned wages of approximately $21 per week which were deposited in a joint account with his wife. In one of her depositions, appellee, in testifying as to how she paid for the 5.7 acres, the first property which she claims to have owned and for which she paid $570, said:

"Q. You had a joint bank account, did you? A. Yes.

"Q. Both of you deposited in it? A. Yes.

"Q. Did both of you check on it? A. No, never checked on it until I bought this land. I bought the furniture too, in the meantime, but I remember I didn't have a penny when I went there, what I got I worked out.

"Q. This 5.7 acres then that you bought was paid for with money from a joint bank account. A. Yes, then I helped him pay for the other. You must understand that now I didn't quit working trying to pay his fines, etc.

"Q. What property did you own at the time you married Andy Hanks? A. I didn't own any property."

And again:

"Q. How much was his pay check on an average when he was working? A. About $21.00 a week.

"Q. And did he own this property, this Randall Hanks tract before you were married? A. Yes.

"Q. Well, does he own any now? A. Not to my knowledge he doesn't.

"Q. And you are claiming all, that the two of you made during the time you were married? A. Well, he gave it to me, I didn't even ask him to."

Appellee is corroborated in her testimony that appellant stated when the deed to the hotel proper was executed that he had run through with everything else and wanted the deed made to appellee, and the testimony leaves little doubt that appellee is an industrious woman to whose efforts much of what little is left of the family fortune is owing. But Section 425, Civil Code of Practice, is mandatory in its requirement that upon the granting of an absolute divorce, each party restore all property acquired directly or indirectly from or through the other during marriage in consideration or by reason thereof. Duke v. Duke, 198 Ky. 173, 248 S. W. 500; West v. West, 229 Ky. 125, 16 S. W. (2d) 781; Fain v. Minge, 241 Ky. 131, 43 S. W. (2d) 504; Woford v. Woford, 267 Ky. 787, 103 S. W. (2d) 296. Appellant's inheritance and earnings unquestionably constituted the major portion of the estate of which the hotel property is the pitiful remainder, but a portion of it, at least, was contributed by the appellee. How much she contributed we are unable to say; but the Chancellor should permit the taking of additional proof and ascertain as nearly as possible the proportions of the purchase price of the

hotel property contributed by each of the parties, sell the property, and distribute the proceeds of sale in accordance with these proportions. Dunker v. Schuff, 134 Ky. 192, 119 S. W. 742.

In addition to recovering her proportion of the proceeds of the sale of the hotel property, the appellee may be entitled to alimony and an allowance for the maintenance of her child. Ordinarily, when a wife is granted an absolute divorce without seeking a judgment for alimony she is precluded from thereafter recovering it. But this rule should, and does, admit of the exception that when the question of alimony has not been litigated and the judgment of divorce does not contain an order of restoration as required by Section 425, Civil Code of Practice, and the husband subsequently by independent action seeks to recover property, the title to which at the time of the divorce was in the wife, the wife should be permitted to assert by counterclaim her right to alimony. Otherwise, an innocent wife might be deprived of property, the possession of which was the consideration which induced her to forego her right to support.

In order that these views may be carried into effect, the judgment in action No. 1560 is reversed with directions to permit both parties to amend their pleadings and take such further proof as they may desire. Appellee may also assert in this action any claim she may have for alimony and the maintenance of her child. The judgments in actions Nos. 1546 and 1633 are affirmed, but the dismissal of the petition in action No. 1633 shall not prejudice any right of appellant asserted in action No. 1560.

Judgment reversed in part and affirmed in part.