## Butcher v. Butcher.
Feb. 29, 1944.

J. L. Harrington for appellant.

Wallis M. Bailey for appellee.

OPINION OF THE COURT BY JUDGE CAMMACK—Affirming.

This appeal is from a judgent entered in a divorce action awarding Wilda Boyd Butcher, who instituted the action, alimony in the sum of $750, which amount represents payments past due at the rate of $50 per month from the date of filing the action. It was further adjudged that the appellant, J. K. Butcher, continue to pay $50 per month alimony until further orders of court. The appellee was allowed $200 for her attorney, together with her costs in the action. Neither party was granted a divorce.

The action was filed in April, 1941. On February 9, 1942, the appellee moved that her case be submitted for

final judgment and the chancellor awarded her $450 temporary alimony and $50 a month beginning March 1, 1942. Thereafter various pleadings were filed. Depositions were taken by the appellant and on July 25, 1942, he moved that the case be submitted for final judgment. He sought a divorce on his counterclaim and asked that the previous judgment be set aside because the order of submission was made before he had an opportunity to present properly his side of the case, due to the illness and subsequent death of his attorney. On this submission the chancellor declined to set aside the previous award of alimony, dismissed the appellant's counterclaim, and awarded the appellee $300 alimony for the six months elapsing since the last award, $200 for her attorney, together with the costs of the action, and ordered the appellant to continue to pay the appellee the $50 per month until further orders of court.

The first two grounds assigned for reversal are to the effect that the chancellor erred in permitting the case to be submitted without giving the appellant an opportunity to introduce testimony in his own behalf. He filed an affidavit seeking to excuse the delay in taking proof because of illness and death of his attorney during the pendency of the action. However, the chancellor found that his attorney was actively engaged in the trial of other cases during and after the time of submission and no objection was raised to the order. Therefore, his failure to object constituted a waiver of any rights he might have asserted under section 367a-5 of the Civil Code of Practice. Horton v. Horton, 263 Ky. 413, 92 S. W. (2d) 373.

The other grounds for reversal are that the appellee should not have been allowed alimony or an allowance for her attorney, and a divorce should have been granted the appellant.

The record discloses that the appellant owns real estate valued somewhere between eight and eighteen thousand dollars upon which there are mortgages to the extent of from five to eight thousand dollars. There is also evidence to the effect he is insolvent and that he has been forced into bankruptcy; however, the record is silent as to the extent of his assets or liabilities as shown by those proceedings. The appellant said his property is worth about ten thousand dollars subject to the mortgages. He testified also that he has an annual in-

come of something less than $3,000, but expenses, including wages, utility bills, licenses, taxes, insurance and interest on his indebtedness, reduce this amount to an annual net income of less than $500. The appellant built and furnished a house on a lot owned by the appellee at a cost of about eighteen thousand dollars, and while there is evidence showing the house has become damaged in some way to such an extent that it is worth only fifty per cent or less of its original cost, the appellant asks that the court consider its value in arriving at any award of alimony, since the house was built for the appellee solely and only by reason of the marital relationship.

The question presented is whether the chancellor's award of $50 a month is unreasonable. On one side we have evidence showing the appellant's property to be worth ten or twlve thousand dollars and that he is capable of earning up to $300 a month. On the other side it is contended the appellant is a bankrupt, with a net income of about $40 a month; while the appellee owns a home valued up to fifteen thousand dollars, but has no income and is unable to earn money. While the testimony pertaining to the value of the property owned by the husband and wife is such that its actual worth can not be determined with any degree of certainty, we have no more than a doubt as to the correctness of the chancellor's award of alimony and we are not disposed to disturb it. Stewart v. Stewart, 272 Ky. 97, 113 S. W. (2d) 842. Furthermore, the question can be reopened at any time in the lower court, at which time the results of the bankruptcy proceedings can be determined. Sandlin v. Sandlin, 289 Ky. 290, 158 S. W. (2d) 635.

The appellant is not in a position to object to the allowance for the appellee's attorney. Much of the litigation pertains to the presentation of the appellant's own case, and, while it is shown the appellee owns her home, it is not shown she has earned, or is able to earn, any income. The allowance is not excessive.

We have noted the chancellor refused to grant either party a divorce, and that the appellant is insisting he should have been granted a divorce on his counterclaim. Counsel for the appellee states in his brief that the appellant has obtained a divorce in Reno, Nevada, and that a copy of the Nevada judgment is in

the record, but we fail to find it. Be that as it may, we are of the opinion neither party was without fault, and that the chancellor did not abuse his discretion in refusing to grant either party a divorce.

Judgment affirmed.