## JOHNSON v. JOHNSON.

Court of Appeals of Kentucky.
Feb. 27, 1953.

Shumate & Shumate, Irvine, for appellant.

E. B. Rose, Beattyville, for appellee.

STEWART, Justice.

Stella Johnson and Ed Johnson were married on December 29, 1911, and lived together until July 18, 1950, when they separated. On October 14, 1950, the husband instituted an action for divorce against the wife on grounds of cruel and inhuman treatment. The petition also asked that a small farm, which had been conveyed to both parties jointly, be restored to the husband and that the latter be awarded the custody of his 15-year-old son, Ed, Jr. By answer and counterclaim, after denying the husband's charges, the wife alleged the same grounds pleaded by the husband, prayed for a divorce and, in addition, sought to have vested in herself title to one-half of the land described in the petition as to value and to have alimony paid to her by her husband in such sums as the Chancellor might deem sufficient to support her in the manner to which she had been accustomed.

The Chancellor adjudged that the bonds of matrimony existing between the parties be set aside and held for naught and that "both be and they are hereby divorced from each other." The property described in the petition was found to be individually owned by Ed Johnson and it was ordered conveyed to him. Ed Johnson was directed to pay Stella Johnson $40 per month, subject to the further orders of the court. The father was given the custody of the boy.

Stella Johnson asks a reversal of the judgment for these reasons: First, the Chancellor should not have restored her interest in the farm to her husband; second, the allowance of alimony of $40 per month was inadequate; and third, the custody of Ed, Jr., was wrongfully awarded to the father.

On the 1st day of August, 1932, Ed Johnson purchased a small farm in Lee County for $1450 and had it conveyed jointly to himself and Stella Johnson. It is uncontradicted that the husband paid the full purchase price for the property out of his earnings. The basis of the wife's claim to an equal interest in the farm is that her husband had nothing when she married him and that the money used to buy the farm had been accumulated by their joint efforts. In this connection, she asserts she as a wife had not only performed her household duties but she had worked in the fields, thus assisting her husband to save up enough money to pay for the land.

We have held in many cases, the most recent being Eckhoff v. Eckhoff, Ky., 247 S.W.2d 374, that the services of a wife which result in helping her husband to amass a fund with which to buy property gives to the wife no legal right therein. The rendition of the type services we have described does not constitute a valuable consideration within the meaning of Section 425 of the Civil Code of Practice, which is the authority the court must rely upon to order a restoration. The husband is entitled to the benefit of his wife's domestic services and, counterbalancing this, the husband is legally ob-

ligated to support his wife. Consequently, the court properly adjudged that Stella Johnson had no interest in the farm and restored the entire title thereof in the husband. See Fain v. Minge, 241 Ky. 131, 43 S.W.2d 504, and the many cases cited therein.

■ Coming now to a consideration of Stella Johnson's complaint that the Chancellor awarded her an insufficient sum of alimony under the evidence, we must explain at the outset that we are in no position to pass upon this question in a competent manner for the obvious reason that the record gives us no financial picture as regards Ed Johnson's actual worth or his earning capacity. Aside from the farm, which we have dealt with hereinbefore, counsel for Stella Johnson inform us in their brief that he owns a truck, but there is no proof as to what its value is. No other property besides the farm and the truck is mentioned. The evidence discloses Ed Johnson is employed "on Cave Fork (in Lee County) with the Gulf Refining Company." However, we are not told what he earns. Therefore, since we have not been furnished with any facts whereby we can determine with any degree of certainty that the award is insufficient, we can have no more than a possible doubt as to the correctness of the Chancellor's allowance in respect to alimony and we do not feel disposed to disturb the judgment under the circumstances. Butcher v. Butcher, 296 Ky. 740, 178 S.W.2d 616.

■■ We are likewise not inclined to overrule the Chancellor's order bestowing upon the father the custody of the 15-year-old boy. The mother made no request for the custody of the boy in her counterclaim. The evidence reveals that when she separated from her husband and went to live elsewhere with two of her grown sons, she was content to allow Ed, Jr., to remain with his father. And the record does not indicate Ed Johnson is an unfit person to raise his son; it shows, in addition, that he has always supported the boy and for the past year or more he has been providing him with an education at Annville in Jackson County. We conclude the Chancellor did not abuse his discretion when he awarded the custody of the boy to his father. As the boy is 15 years of age we believe his wishes are entitled to some weight in determining which parent shall have the custody of him, if this issue should be reopened later. See Wright v. Thomas, 306 Ky. 763, 209 S.W.2d 315.

Wherefore, the judgment is affirmed.