**COLEMAN v. HUNT et al.**

Court of Appeals of Kentucky.

May 22, 1953.

Kenneth A. Howe, Pikeville, for appellant.

V. R. Bentley, Pikeville, for appellees.

MOREMEN, Justice.

Appellant, Anthony Coleman, and appellee, Ora Coleman (now Ora Coleman Hunt) were divorce by a judgment of the Pike Circuit Court entered during the March term of 1947. Theretofore, the parties had entered into a property settlement by the terms of which appellant was required to pay to appellee the sum of $1000 in monthly installments of $50, and he executed a mortgage on realty to secure the payments. This property agreement was incorporated in the judgment which did not embody the condition of section 425 of the Civil Code of Practice that requires every judgment for divorce to contain an order restoring any property not disposed of at the commencement of the action which either party may have obtained directly or indirectly without valuable consideration from or through the other during marriage.

About two years after the divorce decree and after appellant had paid in full the $1000 property settlement, he filed a petition against appellee (and joined her husband because real estate was involved) in which he alleged that prior to the divorce, and in the year 1936, he had purchased a tract of land for which he had paid the sum of $100 and had caused the property to be conveyed to appellee and himself jointly.

He further averred: "The plaintiff states that the divorce judgment herein referred to did not restore to him an absolute fee simple title to said tract of land. He states that under the provisions of Section 403.-060, Kentucky Revised Statutes, and Section 425 Kentucky Civil Code of Practice, he is entitled to have the property herein described restored to him, and that he is entitled to be adjudged the owner of the fee simple title thereto."

Appellee demurred to the petition, which demurrer was overruled, and, by answer, she denied certain allegations of the petition and alleged affirmatively that she had contributed to the payment of the purchase price of the land by the application of the proceeds from the sale of a heifer for $25 and money obtained by the joint efforts and labor of the parties. Trial was had and the court dismissed the petition.

While the pleadings do not present all the issues in the best form, we believe the demurrer to the petition and the other pleadings are sufficient to raise the legal questions which will be decided by this opinion and, since the parties have discussed these questions presented without concern for technical matters of the pleadings, we will do likewise.

Appellant contends (1) the statute and code provisions above referred to are mandatory in the requirement that each party shall restore all property acquired in consideration of the marriage; (2) where the order of restoration is not made in the divorce action, it may be made in an independent action; (3) the proof introduced shows that appellee performed only those duties usually performed by a housewife which do not constitute such a valuable consideration as will permit her to retain property she acquired during the existence of the marriage.

It is correct that: (1) KRS 403.-060 requires that upon final judgment of divorce each party shall restore all prop-

erty not disposed of at the beginning of the action that he or she obtained from or through the other before or during the marriage and in consideration of the marriage; (2) section 425 of the Civil Code of Practice provides that every judgment of divorce shall contain an order substantiating KRS 403.060; and (3) restoration, when proper, may also be had in an independent action subsequent to the divorce judgment. Fain v. Minge, 241 Ky. 131, 43 S.W.2d 504. But these truisms do not apply to cases where the property rights of the parties were at issue and were decided by the court in the divorce action, or where the husband and wife had fairly entered into an agreement by which their property rights had been settled and the agreement had been incorporated in the judgment.

In Whisman v. Whisman, 228 Ky. 277, 14 S.W.2d 1061, 1062, we said:

"It has often been held that the property which a wife receives from her husband, without consideration, during her marriage to him, must be restored to him when a divorce is granted. Dunn v. Dunn, 183 Ky. 841, 210 S.W. 943; Eversole v. Eversole's Adm'x, 169 Ky. 234, 183 S.W. 494. But it has also been held that property settlements, fairly made in contemplation of separation, will be upheld, and that they are not affected by the statutory order of restoration in divorce proceedings."

 There has been no contention in the case at bar that any fraud was practiced at the time the property agreement was entered into or that either party was overreached in the negotiations that led to the agreement. In the absence of an express showing of such circumstances, this court has consistently protected the agreement. In Honaker v. Honaker, 267 Ky. 129, 101 S.W.2d 679, 684, it was said:

"an agreement as to alimony, carried into the judgment, cannot be changed by the court after the term the judgment was entered, unless the agreement provided for modification or the court retains control of the action."

In view of the foregoing ruling, we believe it unnecessary to discuss the evidence introduced in this case other than to say we believe appellant failed definitely to show that the consideration for the real estate purchased was furnished entirely by him.

Judgment affirmed.