Frances McQUEEN, Appellant,

v.

Elbert McQUEEN, Appellee.

Court of Appeals of Kentucky.

Oct. 5, 1956.

Shumate & Shumate, Richmond, for appellant.

John Little, McKee, for appellee.

MOREMEN, Judge.

Appellee, Elbert McQueen, instituted suit for divorce against his wife, appellant, Frances McQueen, in which he alleged lewd and lascivious behavior under KRS 403.020, and asked (1) absolute divorce; (2) restoration of real property that was held jointly by him and his wife; and (3) custody of three infant children.

The trial court granted the husband an absolute divorce and awarded to him custody of the three children. The judgment did not contain an order restoring the property not disposed of at the commencement of the action which either party had obtained from the other by reason of marriage, as required by KRS 403.065.

On this appeal it is urged that the judgment should be reversed because (1) the evidence was insufficient to sustain the charge that appellant was guilty of such lewd and lascivious conduct as to prove her unchaste, and she is entitled to the custody and control of the infant children; (2) she worked in the fields and helped to raise tobacco crops, the proceeds of which helped to pay for the farm, and she should be allowed alimony sufficient to compensate for these contributions, and (3) the judgment is erroneous because it does not provide for the visitation of the children. However, by addendum, counsel for appellant informs us that the judgment has been modified to the extent that visitation rights are conferred on the appellant and that she has been granted custody and control of the infant children during part of the vacation time from school.

We have many times held that this court has no power to reverse a divorce decree but it may review evidence to determine whether the judgment is correct in other respects. KRS 21.060; Smith v. Smith, 297 Ky. 395, 180 S.W.2d 275, and in cases where we have believed that the divorce was erroneously granted, we have made amends as best we could in regard to alimony and custody of children, but in the case at bar we have no misgiving as to the correctness of the court's holding. The charges were more plainly proved than is usual in cases of this nature. The requirements of KRS 403.030 concerning proof of the credibility of witnesses who testify with respect to acts of lewd and lascivious character have been met. No useful purpose would be served by repeating the facts brought out by these witnesses. We believe the chancellor was correct in granting absolute divorce to appellee and awarding to him custody of the children.

The chancellor made no disposition of the property interests involved and properly so, we think, under the condition of the pleadings in this case. Where a divorce judgment contains no order adjudicating property rights, the matter may be litigated subsequently in an independent action. Fain v. Minge, 241 Ky. 131, 43 S.W.2d 504; Coleman v. Hunt, Ky., 258 S.W.2d 484.

Judgment affirmed.