**Virginia Lee DAGUE (Now Virginia Lee Gardner), Appellant,**

v.

**Eldon Leroy DAGUE, Appellee.**

Court of Appeals of Kentucky.

Feb. 24, 1967.

John L. Arnett, Faurest & Collier, Elizabethtown, for appellant.

J. Howard Holbert, Elizabethtown, for appellee.

HILL, Judge.

This is an appeal from a supplemental judgment dated June 9, 1965, restoring to appellee a one-half interest in a house and lot, the title to which was originally taken in the joint names of the appellant and the appellee. The original judgment was entered June 21, 1963.

Appellant filed suit on April 8, 1963, for divorce, custody of the four children of the

parties, and maintenance benefits for the children. She made no claim for alimony. Appellee did not appear in the divorce proceeding. Judgment was entered on the date aforesaid granting an absolute divorce to appellant, awarding the custody of the four children to her, and directing appellee to pay $100 every two weeks for the maintenance of their children.

A controversy arose in regard to some of the maintenance payments in which appellant sought a rule against appellee to show cause why he should not be punished for failure to pay according to the judgment, and it was at this time that the court allowed appellee to file an answer claiming restoration of the one-half interest in the house and lot.

We shall not burden this opinion with the evidence and contentions of the respective parties in regard to the contribution, if any, made by the wife toward the acquisition of the house and lot for the reason that we have concluded that this case must be remanded for further proceedings; and this question must necessarily be reviewed by the trial judge on the remand of the case.

It is provided by KRS 403.065 that:

"Every judgment for a divorce from the bond of matrimony shall contain an order restoring any property not disposed of at the commencement of the action, which either party may have obtained, directly or indirectly, from or through the other, during marriage, in consideration or by reason thereof; and any property so obtained, without valuable consideration, shall be deemed to have been obtained by reason of marriage."

It is the contention of appellant that by reason of the delay of nearly two years on the part of appellee to file an answer asking for restoration of the property and due to the failure of appellee to appear and make any defense in the divorce proceeding, he is now in no position to obtain restoration. The appellant also argues that she should be allowed to retain title to a one-half interest in the property by way of alimony. The appellee comes back with the assertion that the appellant having declined to ask for alimony in her original complaint can not do so now.

The appellee also argues that, in view of the mandatory provisions of the statute requiring restoration in divorce proceedings, he does not lose that right by the passage of time or by his failure to seek such relief before the entry of the original judgment.

■ We agree with the appellee and the conclusion of the trial court that appellee is not barred from seeking restoration of the property. But we think this conclusion should reopen the door to the appellant to litigate the question of her claim for alimony.

■ True, appellant did not ask for alimony, but she had record title at that time to one-half interest in the house and lot which apparently she would be able to retain, especially in view of the failure of appellee to file answer demanding the restoration of her one-half interest.

Under our case law the fact that "a wife who makes the home, raises the children, gives succor and moral support to the husband and aids him in the saving and investment of his money, but who does not directly convert any individual effort or earnings into the form of property, in the event of divorce has no interest in the property accumulated through the husband's earnings during the marriage is a travesty made tolerable only by the judicial power to correct it in the form of alimony." Heustis v. Heustis, Ky., 346 S.W.2d 778, 780.

We are well fortified with precedents in the conclusion we have reached by authority contained in many cases, including Hanks v. Hanks, 282 Ky. 236, 138 S.W.2d 362, 364, wherein this court said:

"Ordinarily, when a wife is granted an absolute divorce without seeking a judgment for alimony she is precluded from thereafter recovering it. But this rule

should, and does, admit of the exception that when the question of alimony has not been litigated and the judgment of divorce does not contain an order or restoration as required by Section 425, Civil Code of Practice (now KRS 403.065), and the husband subsequently by independent action seeks to recover property, the title to which at the time of the divorce was in the wife, the wife should be permitted to assert by counterclaim her right to alimony. Otherwise, an innocent wife might be deprived of property, the possession of which was the consideration which induced her to forego her right to support."

■ We are of the opinion that the supplemental judgment of the trial court for the restoration of the property to appellee was proper under the evidence, and the judgment appealed from is affirmed in that respect, but the case is remanded with direction that appellant be allowed alimony consistent with the facts that may be developed and the law applicable thereto.

All concur.