Julia Lamb MASON, Appellant,

v.

Ernie MASON, Appellee.

Julia Mason KIDWELL and Edgar Kidwell, her husband, Appellants,

v.

Ernie MASON and Myrtle Mason, his wife, Appellees.

Court of Appeals of Kentucky.

March 11, 1977.

Discretionary Review Granted Sept. 13, 1977.

Joseph E. Lambert, Mt. Vernon, for appellants.

Jerry J. Cox, Mt. Vernon, for appellees.

Before HOWERTON, GANT and PARK, JJ.

HOWERTON, Judge.

Appellant, Julia Mason Kidwell, and Appellee, Ernie Mason, were formerly husband and wife. On March 22, 1974 their marriage was dissolved in an uncontested petition filed by Appellant.

During their marriage, the parties acquired two tracts of land in Rockcastle County, Kentucky, both parties having been named as grantees on both Deeds of Conveyance.

In the divorce action, Mrs. Kidwell's petition alleged the existence of marital property. However, in her deposition given in evidence, she said that there was not any marital property. The following is found in her deposition:

Q24. Is there any marital property involved in this litigation?

A. No. We lived together for twelve or thirteen years and he bought some property during that time and accumulated some money so far as I know [sic]. However, I am just anxious to be free and I don't want anything he has, I want to be free so I can go and see my children whenever I want and he won't let me.

Q26. Are you now asking the court to grant you a dissolution of your marriage with the respondent, Ernie Mason, and asking for nothing more than that?

A. That's right.

Some two years later on March 27, 1976, Mrs. Kidwell filed suit in the Rockcastle

Circuit Court seeking the judicial sale of this "jointly-owned and indivisible real property." On April 23, 1976, Mr. Mason moved the court to re-docket the original divorce action to "correct the judgment entered herein so as to order the plaintiff to execute a deed to the defendant for his property. . . ."

The court re-docketed the original divorce action and consolidated it with Mrs. Kidwell's action, and thereafter granted Mr. Mason's Motion for Summary Judgment.

■ We believe that the logic expressed in *Dague v. Dague*, Ky., 411 S.W.2d 941 (1967) under the old statute, is still applicable under the present law and that the procedure followed there is appropriate. Therefore, despite a two year delay in resolution of this property issue, the court properly entered this supplemental judgment.

■ The major issue before this court, and one of the points relied upon by the trial court in its judgment was whether or not Mrs. Mason-Kidwell had waived all rights to the marital property. It is our opinion that the record sustains the finding of the trial court that Mrs. Mason waived her interest in any marital property held by the parties during their marriage. There is sufficient evidence to sustain the finding that there was a waiver which necessarily includes the finding that Mrs. Mason's actions were voluntary and intentional. This opinion is buttressed by the fact that it was brought to this court's attention that Appellant was encouraged by her attorney during the divorce proceedings to seek her share of marital property and yet even with this advice, Appellant chose not to do so. Likewise, it is noteworthy that the final judgment used in the divorce decree which made no reference to property was prepared by Appellant's own attorney.

For the above-stated reasons, judgment below is affirmed.

All concur.