## Osten v. Osten.

May 9, 1941.

474

Waugh & Howerton and Davis M. Howerton for appellant.

J. Sneed Yager and Oella J. McClelland for appellee.

OPINION OF THE COURT BY MORRIS, COMMISSIONER—
Reversing.

The appellee here instituted action for divorce in September of 1933, charging that while they were married in Versailles in 1931, they had never thereafter lived together as man and wife. Technically he charged abandonment. In an amended pleading he added to this statutory ground the charge of cruel and inhuman treatment on the part of the wife, and further that the marriage was brought about by fraud, deceit and duress on the part of appellant.

Appellant filed answer and counterclaim, first denying the allegations of the petition, and countered with the charge that without fault on her part he abandoned her. She said that they lived together for a brief period following her marriage, but she was not given support. It was shown that as a result of the marriage there was born a girl child, who was about seven years of age at the time of proof. Appellant plead that she had no property, and that neither she nor the child who was in her custody, were in good health, nor was she physically able to work for her and the child's support.

It may be noted that the amended petition filed by appellee was not filed until some time in 1938, though the suit was instituted in 1933. There were other pleadings and amendments filed, but the sum and substance of all is that appellee sought a complete divorce, and appellant sought divorce from bed and board, for alimony, allowance pendente, attorney's fees and costs. In her pleadings appellant asked that the amount of the former judgment (its character is not made clear) be increased to such an amount "as will enable her to keep her infant daughter in school and to support, reasonably, this defendant."

Following completion of the issues, proof was taken, appellee, his father and mother testifying in his behalf; the appellant, her mother, sister-in-law and two neighbors, not related, testified in her behalf. Upon submission the chancellor dismissed appellee's pleadings, and granted appellant a divorce from bed and board, as prayed in her counterclaim, and "the sum of $25.00 per month as alimony and maintenance," attorney's fees and costs.

It is agreed by the parties that the only question properly before the court is whether or not, considering all the facts and circumstances, the chancellor was correct in the award of $25 allowance per month. There is no discussion as to the care and custody of the child.

At the threshold we are met with some difficulty, due to the state of the record, and the uncertainty is not clarified by briefs of parties. In appellant's pleadings she mentions a former action, a written contract, and a judgment whereby appellee was to pay her "$20 per month for her support, and the support of the infant child," the payments being in arrears about $400. The record also shows that judgment was entered on August 19, 1939, granting to appellant a divorce a mensa et thoro, dismissing appellee's pleadings, and that "defendant recover of the plaintiff the sum of $25 per month as alimony and maintenance for herself, for her costs," etc. On January 23, 1940, upon motion of appellee, the court struck from the judgment the word "for herself," and left the order reading, "the sum of $25 per month as alimony and maintenance, for her costs," etc. Neither of these orders directly make any allowance for the child, and it may be assumed that the last order contemplated a total allowance for the appellant and the child.

The parties at the time of deposition, May 1939, were about thirty-two years of age. Both parties had resided in Ashland prior to the marriage, where both now claim their homes. The marriage occurred in Versailles, as stated above, in the early part of 1931, the marriage being unannounced, and hastily arranged and consummated. At the time mentioned appellee was a student at the University of Kentucky, and in his graduating year.

It would be of little useful purpose in reaching what

we deem a fair conclusion as to the only question presented to go into details as to facts out of which the unfortunate condition of parties arose and exists. We may say that we have given the proof the closest scrutiny and consideration, and quite agree that the chancellor, according to our views, correctly denied relief to appellee and granted the relief on appellant's counterclaim, in so far as the question of divorce was concerned.

The record shows that appellee is a young man apparently in good health, has a splendid education, and is capable. On the other hand appellant has not had the same or any like degree of education. She had the benefit of a commercial or business course. She is not in good health; has undergone an operation since the marriage; the proof is pretty clear that she is not able to do such work as would provide anything like reasonable support for herself and the child, who, as is shown by the record, is not strong in health, though in school.

At the time of the proof taking appellee was earning $140 per month, and from his testimony he was economical in so far as his living expenses are concerned. It may be assumed that his monthly or weekly wage has not decreased at this time. Whether this be true or not, the court is of the opinion that the allowance made by the chancellor, if it be construed as constituting support and maintenance of the mother and child, is insufficient. The amount asked by counsel in brief for appellant, is, under the facts as to earning power, too great. We think that a fair allowance here for the support and maintenance of the wife and child would be the sum of $40 to be paid monthly. The chancellor no doubt it fully aware that as to the subject matter of what we call alimony, the support and maintenance of the child, and its proper care and custody, he has full and complete control at all times, in the exercise of his judicial discretion. Renick v. Renick, 247 Ky. 628, 57 S. W. (2d) 663; Skidmore v. Skidmore, 261 Ky. 327, 87 S. W. (2d) 631.

Our conclusion is that the judgment below as to allowance should be and it is reversed, with directions to set the same aside, and enter one in conformity with the above recommendation.