## Howard v. Howard.

February 20, 1951.

James C. Carter, Jr., Judge.

686

Paul Carter for appellant.

Abe P. Carter for appellee.

JUDGE MOREMEN—Affirming.

This suit was instituted by appellant, Ollie Howard against appellee, Carlos Howard, for divorce and alimony upon the ground that appellee had been guilty of such cruel beating and attempted injury of appellant as indicated an outrageous temper in him and probable danger to her life, or great bodily harm, from remaining with him. The petition was subsequently amended to include an allegation of cruel and inhuman treatment. Appellee counterclaimed upon the ground of cruel and inhuman treatment, and sought an absolute divorce. The court entered a judgment granting to appellant an absolute divorce and awarding to her alimony in the sum of $400. Appellant, believing the amount to be insufficient, appealed from that part of the judgment which fixed the amount of alimony.

The parties to this suit were reared on adjoining farms owned by their respective parents, and their friendship began in high school. Appellee was in the army for a period of three and one-half years, and, after his discharge from the service, he returned to his father's farm. He renewed his acquaintance with appellant and for about a year before they were married on June 28, 1948, they kept steady company. At the time the marriage ceremony was performed, he was 27 years old and she was 23 years old. They lived together about 76 days; separated, and appellant filed suit for divorce on November 8, 1948.

In view of the fact that appellant was granted a divorce, and the only question before us is whether or not the amount of alimony awarded is sufficient, we will not review the events that led up to the dissolution of this marriage.

Appellant insists that in addition to the lump sum

alimony, which she believes to be too small, appellee should be required to pay a fixed sum monthly for her support.

Before his marriage, appellee had accumulated the following property: about $1800, which he had saved from his pay while in the army; three cows, and a 1940 Pontiac automobile. His gross income was shown to be: a monthly allotment of $67.50 from the United States Government under the Farm Training Program, which was increased by $26.25 per month after marriage; about $80 every four weeks from the sale of milk, and a share in the proceeds of his father's farm, the amount of which was not definitely shown, except that appellee testified he received $500 for his share of the tobacco crop for the preceding year.

In the case of Turner v. Ewald, 290 Ky. 833, 162 S.W.2d 181, 186, we approved the practice of lump sum alimony settlements, saying: "In this jurisdiction a lump-sum award in lieu of a periodical allowance is favored where the husband owns sufficient property to permit such a settlement of alimony claims fairly to both parties."

In the case of Lewis v. Lewis, 204 Ky. 5, 263 S.W. 366, it was written: "We have never adopted a fixed rule for determining the amount of alimony or the percentage of her husband's estate to which a wife is entitled upon securing a divorce. That is a matter which is left to the sound discretion of the chancellor to be decided in the light of the facts of each particular case, and the decision of the chancellor thereon will not be disturbed by this court unless it is manifestly erroneous."

We have indicated, however, that in fixing lump sum alimony, an allowance of one-third of the husband's estate, in many cases, is equitable. Ahrens v. Ahrens, 313 Ky. 55, 230 S.W.2d 73. However, each case must be decided by the consideration of its peculiar facts with weight given to their exclusive quality.

Both parties here are young and in good health. Their family circumstances are similar. They have had about the same amount of formal education. Both will be able to labor and earn money in the future if they so desire. It is true that appellee had accumulated some property, but there is no showing that his wife had helped

him in its accumlation during the brief period they lived together. In fact, it was shown that the amount of cash decreased from about $1800 to approximately $1400.

In view of the ephemeral nature of this maritial union, we are of opinion that the chancellor properly looked only to the amount of property which appellee had at the time of separation, and made the award from that property. His refusal to award future monthly payments of alimony was proper under the facts here presented, and we believe that he did not abuse the sound discretion vested in him.

Judgment affirmed.