## PETRIE v. PETRIE.

Court of Appeals of Kentucky.

Nov. 6, 1953.

John R. Gillespie and David Martin, Franklin, for appellant.

Joe S. Garman and Charles R. Bell, Bowling Green, for appellee.

MOREMEN, Justice.

This divorce action was instituted by appellee, Robert E. Petrie, against appellant,

Delaphene Petrie. Appellant filed a counterclaim praying for a divorce, alimony, custody of two infant children and maintenance and support for the two children. A judgment was entered in favor of appellant on her counterclaim. The chancellor adjudged alimony in favor of the appellant in the sum of $150 per month for a period of five years and maintenance for the children in the sum of $75 a month to each. The appellant and the two children were also given the right to occupy the home place subject to a charge of $50 a month to be deducted from the alimony payments and $12.50 a month to be deducted from the support payments of each child. The appellant was also awarded a 1948 Oldsmobile automobile.

Appellant contends that the court erred: (1) in refusing to award her lump-sum alimony; (2) in awarding her grossly inadequate alimony; (3) in requiring her to pay rent for the use of appellee's dwelling house; (4) in failing to make adequate allowance for the maintenance and support of the infant children; and (5) in not awarding her a new trial because of newly discovered evidence.

The determination of the amount of alimony, the form of its payment and the amount of maintenance and support are all matters resting in the sound discretion of the chancellor, which matters are to be decided on the peculiar facts of each particular case. Dalton v. Dalton, 304 Ky. 223, 200 S.W.2d 469; Osten v. Osten, 286 Ky. 473, 151 S.W.2d 67. The chancellor's decision will not be disturbed unless it is manifestly erroneous. Howard v. Howard, 314 Ky. 685, 236 S.W.2d 932.

The parties to this suit were married on February 24, 1939, and, with the exception of a two weeks' separation in 1944, lived together as man and wife until August 29, 1951. Appellant and appellee are thirty-eight and forty-two years of age respectively. Appellee operates a farm implement dealership and a used car lot. Appellant was employed by a beauty shop for the first seven and a half years of their marriage and has, since their separation, again accepted employment in a beauty shop. Two children, who are five and a half and two years of age, were born of the parties' marriage. Appellee also has two daughters by a former marriage. These daughters, who lived with the parties previous to their separation, are twenty and seventeen years of age.

The evidence regarding the value of appellee's estate is conflicting. Appellee concedes in his brief, however, that the testimony of appellant's sole witness in regard to the value of appellee's real estate is substantially correct, with the exception of one piece of property. Utilizing this concession, we find from the evidence the following values of appellee's real estate, concerning which there is no conflict:

| | | |
|---|---|---|
| Main and Clay Streets (property on which appellee's farm implement business is located) | $10,000 to | $12,000 |
| 204 Church Street | 7,000 " | 7,500 |
| Nugent Street | 2,500 " | 2,750 |
| Combs Avenue | 1,000 | |
| 815 Chestnut Street | 8,000 " | 8,500 |
| 7th and State Streets (property on which appellee's used car lot is located) | 10,000 " | 11,000 |
| 11th Street (home residence)—equity of | 2,250 | |
| Lot in Miami, Florida | 800 | |

Other assets owned by appellee are:

| | | |
|---|---|---|
| Notes receivable | $ 3,800 | |
| Inventory of farm implement business | 30,000 to | 35,000 |
| Inventory of used car lot | 10,000 " | 15,000 |
| Office furniture | 5,041.81 | |
| Shop equipment | 7,090.84 | |

The only property concerning which there is a conflict as to its value is a piece of real estate denominated "by-pass" property in which appellee has a one-half interest. Appellant's witness estimated appellee's interest to be worth $16,600 in this property. The highest estimate of appellee's three witnesses was that appellee's interest was worth $9,500. From these figures it appears that appellee had assets in the sum of between $106,982.05 and $128,332.65.

The evidence shows the appellee's liabilities to be as follows:

| | |
|---|---|
| To Jewell Bettersworth | $30,000 |
| " Rumsey Butler | 1,500 |
| " Martin Campbell | 12,000 |
| " American National Bank | 10,281.50 |
| "" Bowling Green Bank & Trust Co. | 18,615.84 |

These liabilities total $85,897.34. It thus appears that the appellee's net worth is between $21,084.71 and $42,435.31. Though some evidence was introduced as to appellee's income, it is so equivocal that we can only speculate as to the amount.

A review of the evidence in this case does not disclose that the chancellor's judgment was an abuse of discretion. Though this court favors lump-sum settlements, we are not disposed to say that they must be made in every case where the husband has an estate. The chancellor must take the circumstances into consideration in deciding whether a lump-sum settlement is advisable. In view of the business dealings of appellee, we are of the opinion that the chancellor exercised a sound discretion in not making a lump-sum settlement.

Nor does it appear that the chancellor erred in making the alimony and maintenance awards, or in requiring the appellee and her children to pay rent for the use of the home. Due deference is to be given the chancellor who is presumed to have considered all the circumstances in the case and thereby ascertained appellant's needs and capacity, as well as appellee's ability to pay. Skidmore v. Skidmore, 261 Ky. 327, 87 S.W.2d 631; Williamson v. Williamson, 243 Ky. 544, 49 S.W.2d 337. In order for us to reverse the decision of the chancellor, it must be clearly erroneous. The evidence in this case clearly does not show such error.

The last contention of the appellant, that she is entitled to a new trial because of newly discovered evidence, also has no merit. Appellant stated in her affidavit in support of a new trial that since the entry of judgment she has discovered that the appellee has sold a piece of real estate for $25,000, which sum is far greater than the evidence in the trial showed the property to be worth. To entitle a party to a new trial because of newly discovered evidence, the party must have been vigilant in preparing his case for trial. Brady v. B. & B. Ice Co., 239 Ky. 170, 39 S.W.2d 252. It is our opinion that the appellant failed to exercise that diligence which would entitle her to a new trial. This newly discovered evidence is directed solely at proving the value of a parcel of appellee's property. No reason appears why the evidence as to its true value could not have been obtained with due diligence.

Judgment affirmed.