## PATTERSON v. PATTERSON.

Court of Appeals of Kentucky.

March 19, 1954.

Ben B. Morris, Wickliffe, for appellant.

M. C. Anderson, Wickliffe, for appellee.

DUNCAN, Justice.

This appeal is from the reviewable portion of a judgment which awards the

appellee an absolute divorce, restoration of property in the amount of $2,050, lump sum alimony of $4,500, and $60 per month for the maintenance of two children whose custody was awarded to appellee. The judgment also makes an allowance of $500 to appellee's attorney and taxes the fee as cost against appellant.

The suit was filed by appellee on June 29, 1951, seeking a divorce and incidental relief on the ground of cruel and inhuman treatment. Appellant's answer consisted of a denial of appellee's ground and a counterclaim for divorce upon the same ground. An amended counterclaim, filed after the testimony in chief had been concluded, charged appellee with lewd and lascivious conduct and adultery.

The parties to this action were married on May 31, 1932, and except for two brief separations, resided in or near the city of Wickliffe until their final separation on June 24, 1951. Four children, two boys and two girls, ranging in ages from eighteen to nine years, were born as a result of the marriage. In fixing custody, the wishes of the children were respected and appellant was given custody of the boys and appellee of the girls. On this feature of the case, the parties are, apparently, satisfied with the arrangement.

It is unnecessary to relate the series of incidents which are relied upon as constituting cruel and inhuman treatment. There is some evidence of physical mistreatment by appellant, but the occasions referred to are infrequent and remote in point of time. Prior to the separation, appellant's cruelty, if any, seems to have been more mental than physical, consisting principally of acts of omission and commission revealing some lack of a proper consideration for his wife's happiness. If the evidence was restricted to his conduct before the separation, it would be difficult to justify the Chancellor's conclusion that appellee had sustained her ground of divorce. However, appellant's conduct since the separation is such as to amply sustain appellee's allegation of cruel and inhuman treatment.

After testimony in chief on the original grounds had been completed, the appellant tendered and, upon his motion, was permitted to file an amended counterclaim charging appellee with lewd and lascivious conduct and an act of adultery alleged to have been committed some eighteen years before the separation. Appellant's evidence in support of these charges indicates that they are completely unfounded and could not have been made in good faith. This Court is committed to the view that a baseless and unfounded charge of adultery against the wife by the husband is such cruel and inhuman treatment in and of itself as to sustain the wife's action for divorce on that ground. Logan v. Logan, 171 Ky. 115, 188 S.W. 301; Johnson v. Johnson, 183 Ky. 421, 209 S.W. 385; Williamson v. Williamson, 243 Ky. 544, 49 S.W.2d 337. This groundless allegation completely supports the judgment of divorce and the Chancellor was, therefore, justified in awarding alimony to appellee. This leaves for our consideration the question of whether the amounts awarded by way of alimony, maintenance, and restoration of property are excessive.

The Chancellor found that the total value of appellant's property was $13,650, consisting in the main of a farm, livestock, farm equipment, and town lots. The value placed upon the respective items of property seems to have been conservative, and there is little controversy concerning the fact that this figure represents a fair minimum valuation. Much of the property now owned by appellant was accumulated as a result of the operation and sale of an independent telephone system. The telephone system was purchased from appellant's father on October 1, 1942, for the sum of $5,000, payable at the rate of $50 per month. This business was operated profitably for the ensuing seven years, during which time the appellee kept all books, operated the switchboard, and trained relief operators. The property was finally sold on October 1, 1949, for $10,000, payable at the rate of $300 per month. When this suit was filed, approximately $4,000 of this amount remained unpaid.

We do not think appellee's services in connection with the operation of the telephone system may properly be classified as domestic within the rule discussed in Johnson v. Johnson, Ky., 255 S.W.2d 610; Eckhoff v. Eckhoff, Ky., 247 S.W.2d 374; Fain v. Minge, 241 Ky. 131, 43 S.W.2d 504, and the other cases cited in those opinions. We think services of the type rendered by appellee constitute a valuable consideration within the meaning of Section 425 of the Civil Code of Practice (now KRS 403.065) which would justify the court in ordering a restoration. The amount of $2,050 adjudged on this item is very modest under the circumstances.

▇ On the question of alimony, no hard and fast rule has ever been evolved for measuring the amount which should be awarded in each case. In fixing the amount of alimony, the elements to be considered are: the size of the husband's estate, his income and earning capacity, the age and ability to labor of both the husband and wife, the principal cause of the divorce and the relative responsibility of the parties, and whether or not the wife has aided in the accumulation of the husband's estate. Jones v. Jones, 261 Ky. 647, 88 S.W.2d 673; Lewis v. Lewis, 204 Ky. 5, 263 S.W. 366; Watkins v. Watkins, 202 Ky. 141, 259 S.W. 20. Upon a consideration of all the facts, we are unable to say that the Chancellor abused his discretion in the sum which was fixed as alimony in this case. The award, although generous, is not so unreasonable as to justify our reducing it.

▇ The appellant does not complain in his brief concerning the sum which he is required to pay for the maintenance of his daughters. The question concerning the allowance to appellee's attorney is not properly before us. The attorney was not made a party to the appeal, and we are without jurisdiction to consider the reasonableness of his fee. King v. King, 214 Ky. 171, 283 S.W. 73; Arms v. Arms, 246 Ky. 827, 56 S.W.2d 536.

The judgment is affirmed.