Helen R. CAWOOD, Appellant,

v.

Charles D. CAWOOD, Appellee.

Court of Appeals of Kentucky.

Dec. 4, 1959.

See also 329 S.W.2d 569.

James S. Golden, James C. Helton, Julian H. Golden, Golden, Helton & Golden, Pineville, for appellant.

Hubert F. White, Middlesboro, for appellee.

CULLEN, Commissioner.

Dr. Charles D. Cawood was granted a divorce from his wife, Helen R. Cawood. Despite a determination that the wife was wholly at fault, the judgment awarded her the household furnishings valued at $8,-000, an automobile valued at $3,500, and cash alimony of $10,000. Mrs. Cawood has appealed, maintaining that she should have been allowed a much larger sum as alimony. Dr. Cawood has cross-appealed, con-

tending that no alimony at all should have been awarded. No question of custody or support of children is involved.

The parties have been married for 28 years. They are both in the neighborhood of 50 years of age. The husband is a physician. The wife is a registered nurse, although she has not practiced as such in recent years.

As concerns the cause of divorce, the circuit court made the following findings of fact:

> " * * * The Court finds the defendant wholly at fault in that the evidence in this case shows her actions created an unhappy home life for plaintiff; was cold and indifferent toward plaintiff; was too preoccupied with all of her social and club activities to give any attention to plaintiff; spent most of her evenings drinking alcoholic beverages and slept most of the mornings; never prepared plaintiff's breakfast, and very few other meals; spent his income faster than he could make it with charge accounts in various stores and places, causing mental strain and worry on the part of the plaintiff about what he owed, and when plaintiff questioned her on any of these items the only result was a quarrel."

We cannot say, under the evidence, that the above findings as to the wife's conduct are clearly erroneous, and it is our opinion that this conduct may be considered to come within the provisions of KRS 403.020(4) (d), authorizing a divorce to the husband on the ground of habitual behavior by the wife in such a cruel and inhuman manner as to indicate a settled aversion to him or to destroy permanently his peace or happiness. However, the evidence established that the husband devoted an average of 16 hours a day to his medical practice, and had little time for home life, so we cannot concur in the trial court's conclusion that the wife

was "wholly at fault," to the extent that such conclusion would be an absolute bar to the granting of alimony, as is claimed by the husband.

If the wife is not "wholly at fault" and is not guilty of moral delinquency she may be awarded alimony although the divorce is granted to the husband. Coleman v. Coleman, Ky., 269 S.W.2d 730. In the instant case there is no element of moral delinquency, and as we have said, we think the evidence does not warrant the conclusion that she was wholly at fault. Notwithstanding that the trial judge *said* she was wholly at fault, he did award some alimony, and we think this was justified.

Although fault on the part of the wife may not be an absolute bar to alimony, nevertheless the relative responsibility of the parties for the breach of the marriage tie, and the degree or extent of the wife's fault, are to be considered in determining the *amount* of alimony to be awarded. Alexander v. Alexander, Ky., 317 S.W.2d 494; Hicks v. Hicks, Ky., 290 S.W.2d 483; Sharp v. Sharp, Ky., 283 S.W.2d 172; Patterson v. Patterson, Ky., 266 S.W.2d 91; Oldham v. Oldham, Ky., 259 S.W.2d 42; Flood v. Flood, 302 Ky. 167, 194 S.W.2d 166; Goodwin v. Goodwin, 296 Ky. 835, 178 S.W.2d 214.

Here, although we have concluded the wife was not wholly at fault, the evidence indicates that by far the greater degree of fault rests upon her shoulders. This is an important consideration in determining the amount of alimony to be awarded.

The evidence shows that Dr. Cawood has earned an average of $50,000 a year for the past ten years. However, due in large part to extravagant living which can be attributed to Mrs. Cawood, much of this income has been dissipated. The trial court found that Dr. Cawood's net worth was approximately $75,000, consisting in the main of the value of his home and of his interest in a hospital and clinic. We cannot say that the finding is clearly erroneous.

Out of this estate of $75,000, the court awarded Mrs. Cawood property and money of the value of around $21,000. This is close to one-third of the husband's net worth, but of course does not reflect any consideration of his future earning capacity.

In view of the fact that Mrs. Cawood is qualified as a registered nurse, which should furnish her with a source of income despite some impairment of health of which she complains, and in view of the fact that she has been charged with most of the fault in the breakup of the marriage, we do not find any basis for disturbing the chancellor's determination of alimony. She has been awarded almost one-third of the present net estate, and the failure to allow her anything based on the husband's future earning capacity may be justified on the two factors just above mentioned.

The judgment is affirmed, on the direct appeal and on the cross-appeal.