Dorothy YOUNG, Appellant,

v.

Richard YOUNG, Appellee.

Court of Appeals of Kentucky.

Sept. 16, 1960.

Rehearing Denied Dec. 16, 1960.

Daniel B. Boone, Henry A. Triplett, Louise B. Dahl, A. Walter Redmon, Louisville, for appellant.

Ellis E. Blake, Louisville, for appellee.

WADDILL, Commissioner.

The judgment entered in this action granted Mrs. Young a divorce; awarded her alimony in the sum of $3,000; granted her custody of their three children; ordered Mr. Young to contribute $33.33 a month for the maintenance of each child, and to continue to pay premiums on hospitalization insurance which was in effect for the children's benefit. The judgment also gave Mrs. Young the furnishings located in their home, and ordered a restoration of certain property to Mr. Young in accordance with KRS 403.065.

Mrs. Young has appealed from the reviewable portion of the judgment contending that: The award of alimony is inadequate and should be increased to a lump sum allowance of $5,000; the value of her labor and services performed in connection with the improvement of Mr. Young's property should be restored to her pursuant to KRS 403.065; the Chancellor erred in requiring her to surrender possession of the real estate to Mr. Young; and, the sum allowed for the support of the children is insufficient to pay for their proper care.

The parties to this action were married in 1939, and resided in or near the town of Muldraugh, Kentucky, until their final separation in 1958. Three children were born as a result of the marriage, Sally, Richard, and Cynthia, who are now 18, 9, and 7 years of age, respectively.

Mr. Young is a civilian employee at Fort Knox. His take-home pay is approximately $202 for each two-week period. He owns a six-room house and a two-room apartment situated over his garage. He testified that the property was worth $8,000, while Mrs. Young estimated its highest value at $12,000. There was testimony that the lot upon which the buildings were erected was originally purchased by Mr. Young for $1,000, and that the property is presently encumbered by a mortgage in the amount of $1,000. Mr. Young also owns a 1957-model automobile and a trailer which he purchased in 1954.

■ No rule has been evolved for measuring the amount of alimony which should be awarded to the wife upon procuring a divorce. Patterson v. Patterson, Ky., 266 S.W.2d 91; Howard v. Howard, 314 Ky. 685, 236 S.W.2d 932. Ordinarily, the size of the husband's estate, his income and earning capacity, the principal cause of the divorce, the age, health and earning capacity of both the husband and wife, and whether or not the wife has aided in the accumulation of the husband's estate are elements that should be considered. Jones v. Jones, 261 Ky. 647, 88 S.W.2d 673; Lewis v. Lewis, 204 Ky. 5, 263 S.W. 366; Watkins v. Watkins, 202 Ky. 141, 259 S.W. 20.

■ The Chancellor awarded Mrs. Young the sum of $3,000 and certain furniture of the value of $1,000. In addition, Mrs. Young was allowed to occupy the home until May 1, 1959. We observe also that Mr. Young has paid bills incurred by his family in the amount of $178.08. Upon

a consideration of all the facts we are not convinced that the Chancellor abused his discretion in the allowance of alimony to Mrs. Young.

■ Mrs. Young contends that she is entitled to recover the value of the labor she performed while assisting her husband in the construction of his home. Mrs. Young concedes that Mr. Young furnished the money for the lot and the building materials, but urges that she performed much of the manual labor in connection with the construction of the house. Assuming her testimony to this effect is true, she failed to establish the value of her services, the number of hours she worked, or any definite period of time she labored. In these circumstances there is no reasonable basis upon which to evaluate the services which were rendered by Mrs. Young. Therefore, it is unnecessary for us to decide whether the services of the type performed by her constitute a valuable consideration within the meaning of KRS 403.065 which would justify the court in ordering a restoration. Cf., Patterson v. Patterson, Ky., 266 S.W. 2d 91.

■ Mrs. Young maintains that the Chancellor erred in requiring her to surrender possession of the home to Mr. Young. This contention is answered by the plain language of KRS 403.060(2) and 403.-065 which provide for the restoration of property obtained from or through the other spouse before or during the marriage, or by reason thereof. In Kivett v. Kivett, Ky., 312 S.W.2d 884, we said that in order to effectuate the intention of these statutes (KRS 403.060(2) and 403.065) the same property should be returned to the original owner following the dissolution of the marriage. Since the Chancellor followed the mandate of these statutes, we find no abuse of discretion in ordering Mrs. Young to vacate the premises on May 1, 1959.

It is further contended that the sum of $33.33 a month for the support of each child is insufficient. We observe that the oldest child is now married and we are therefore not concerned with the allowance made for her. We have concluded that $50 a month for each of the other two children is presently an adequate amount for their support. In the event that the Chancellor finds that the sum of $100 a month is inadequate for the proper care of these two children, the maintenance order may be revised to meet the conditions as they arise.

The judgment is reversed with directions to increase the sum allowed for the maintenance of the two dependent children of Mrs. Young to $50 a month for each child; in all other respects the judgment is affirmed.