Robert F. STEPHENS, Attorney General, Commonwealth of Kentucky, Lexington-Fayette Urban County Government and Public Service Commission of Kentucky, Movants,

v.

KENTUCKY UTILITIES COMPANY, Respondent.

Supreme Court of Kentucky.

July 3, 1978.

Rehearing Denied Sept. 19, 1978.

James W. Blackburn, Jr., Sp. Asst. Atty. Gen., Frankfort, George F. Rabe, Commissioner of Law, Lexington-Fayette Urban County Government, Lexington, William M. Sawyer, Paul M. Cupp, Frankfort, C. Timothy Cone, Lexington, for movants.

Richard F. Newell, Ernest W. Williams, Ogden, Robertson & Marshall, Louisville, for respondent.

STEPHENSON, Justice.

The question presented on this appeal is whether the order of the Franklin Circuit Court remanding the case to the Public Service Commission is an appealable order. The Court of Appeals dismissed the appeal of the movants on the ground that the order of remand was not a final appealable order. We grant discretionary review and reverse.

On July 10, 1974, the Public Service Commission entered an order fixing new electric rates for Kentucky Utilities. In May 1974, Kentucky Utilities had put new rates into effect subject to refund. The July 10, 1974, order prescribed lower rates and directed refund of the difference.

On September 6, 1974, Kentucky Utilities, the Attorney General, and Lexington-Fayette Urban County Government as intervenors sought judicial review of the order of the Public Service Commission in Franklin Circuit Court, and the cases were subsequently consolidated.

On December 6, 1974, Kentucky Utilities sought and was, in March 1975, granted a temporary injunction allowing collection of the higher rates pending final disposition of the appeals.

After this there was apparently a protracted period of legal skirmishing culminating in the amended and substituted order of March 25, 1977, entered by the trial court, which in part reads:

"On the Court's own motion, and after hearing and argument, it appearing that the Court's orders of February 17, 1977 and March 16, 1977, should be amended and restated by this substituted order, as follows:

"Kentucky Utilities Company has moved to remand these consolidated actions to the Public Service Commission to take new evidence, and after consideration thereof, entered a proper order thereon.

"These consolidated actions have been brought to review the Commission's July 10, 1974 order which prescribed rates for the Company's Kentucky Jurisdiction customers. The rates are lower than those the Company had put into effect on notice to the Commission May 15, 1974. The Commission's order was superseded on June 23, 1975, by an emergency rate increase granted by the Commission in subsequent proceedings which are also pending on review in this Court (Civil Action Nos. 86539 and 86540). Therefore, the sole remaining issue here is the lawfulness of the Commission's rates for the period from May 15, 1974 until the June 10, 1974 order was superseded on June 23, 1975.

"In support of its motion the Company has submitted evidence of its actual operating experience under the rates prescribed by the Commissioner's order. The evidence, consisting of reports required to be filed with the Commission, and affidavit and transcript of record in the subsequent proceedings also on review in this Court, tends to show that during such period the Company's credit and operations were materially impaired and the Commission's rates failed to produce sufficient revenue to cover operating expenses and capital costs, including

service on debt and dividends on stock at a rate of return commensurate with returns on investments in other enterprises having corresponding risks; such as to insure confidence in the financial integrity of the Company and maintain its credit and attract capital. *Commonwealth v. South Central Bell Telephone Company* [Ky., 545 S.W.2d 927], Opinion of December 3, 1976, pp. 7–8.

"The evidence offered by the Company could not have been obtained for use at the hearing before the Commission, and will materially affect the merits of the case.

"On the issue of confiscation there should be independent determination as to the lawfulness of the rates prescribed by the Commission's July 10, 1974 order based on evidence as to actual effect of the rates before the order was superseded by the emergency increase in subsequent proceedings. This Court cannot hear evidence and substitute its judgment for that of the Commission except where the issue of confiscation has been raised. Confiscation is a judicial issue which cannot be delegated to the Commission, but when the issue has been raised the Court can hear evidence in support of a motion to remand and if such evidence dictates, the case should be remanded to the Commission for an evaluation of such evidence and entry of a proper order, subject to further review by the Court. Remand is authorized either under KRS 278.440 or in the exercise of the Court's duty to insure a proper determination of the confiscation issue."

This presents us with the question whether this is an appealable order as contemplated by the statutory scheme of judicial review.

The General Assembly has provided for judicial review of orders of the Public Service Commission. KRS 278.410 through KRS 278.450 sets out the procedure and limitations of judicial review.

KRS 278.440 provides for the procedure to be followed by the Franklin Circuit Court after an action has been brought against the Commission under KRS 278.410 "to vacate or set aside the order or determination on the ground that it is unlawful or unreasonable."

KRS 278.440 provides:

"Any action brought under KRS 278.-410 shall be heard and decided by the court upon the evidence submitted to the commission as shown by the transcript, and no other evidence shall be received. If any party satisfies the court that evidence has been discovered since the hearing before the commission that could not have been obtained for use at that hearing by the exercise of reasonable diligence and will materially affect the merits of the case, the court may remand the record and proceedings to the commission, with directions to take the newly-discovered evidence, and after consideration thereof, enter and file a proper order, which may be reviewed in the same manner as any other final order of the commission."

■ In our view, KRS 278.440 is clear with no ambiguities. The trial court is to hear and decide the action only on the transcript of evidence heard by the Commission. The provision on remand for "newly-discovered evidence" is couched in traditional terms for the granting of a new trial such as provided for in CR 59.01(g) and relief from judgment such as provided for in CR 60.02(b). With this exception, judicial review of the rate fixed by the Public Service Commission is limited to the constitutional question of whether the fixed rate is so low as to constitute confiscation of the property of the utility. *Commonwealth of Kentucky ex rel. Stephens v. South Central Bell Telephone Company*, Ky., 545 S.W.2d 927 (1976).

■ The order recited that "remand is authorized either under KRS 278.440 or in the exercise of the Court's duty to insure a proper determination of the confiscation issue." Reduced to its essentials, the order entered by the trial court is a judicial amendment to KRS 278.440 holding that in addition to remand for "newly-discovered evidence," remand is authorized for "new

evidence" based on actual operating experience subsequent to the Public Service Commission's order, or in the alternative some inherent power in the trial court to have this "new evidence" considered to insure a proper determination of the confiscation issue.

The recitation in the order that "the evidence offered by the Company could not have been obtained for use at the hearings before the Commission, and will materially affect the merits of the case" parrots the "newly-discovered evidence" clause of KRS 278.440; and our only comment on this is that, of course, the evidence could not have been obtained for the hearings, it did not exist at the time.

■ The principal arguments in this appeal are based on discussion of whether the remand order of the trial court is an interlocutory order, and not appealable, or a final order, and appealable. We do not propose to enter into an esoteric discussion on interlocutory and final orders of a trial court in the context of CR 54.01 and CR 54.02. We assume, for the purposes of this appeal, had Kentucky Utilities offered newly-discovered evidence that was in existence at the time of the hearings and satisfied the trial court that such evidence could not have been obtained for use at the hearings by the exercise of reasonable diligence and that the evidence would materially affect the merits of the case, then a remand by the trial court would not be an appealable order. This procedure is clearly authorized by KRS 278.440 and is akin to the concept of a new trial, CR 59.01(g), or relief from judgment, CR 60.02(b). Here the situation is different. The trial court does not order a new trial on newly-discovered evidence. The order here dictates a different trial on new evidence in complete disregard of the legislative mandate for judicial review. We hold that in this situation where the trial court clearly exceeds statutory authority and by order engrafts an enlargement on the statutory plan for judicial review, the order is appealable and is erroneous.

■ ⁚If we were to accept the rationale of the order entered by the trial court and the argument of Kentucky Utilities, there would not be much point in the Public Service Commission holding a hearing. In each case, the situation after the hearing would be the determining factor, and this would result in complete destruction of an orderly process in the legislative scheme for setting rates for utilities. Public policy dictates that these actions not be unnecessarily prolonged.

In *Kentucky Utilities Co. v. Public Service Commission*, Ky., 252 S.W.2d 885 (1952), the trial court sustained the order of the Commission and denied remand on offered "newly-discovered evidence." The evidence offered to support the motion for remand was that there had been a general price increase since the time of the hearing before the Commission. The opinion referred to alleged newly-discovered evidence but did not discuss it in terms of the provisions of KRS 278.440. We then observed:

". . . if changes in the general economic situation should be permitted to be classed as newly-discovered evidence, there would never be an end to a public utility case. The Public Service Commission necessarily must base its decision and actions on the economic conditions existing at the time a case is before it, and it is not in the public interest that a case be prolonged indefinitely by allowing a reconsideration whenever there is a fluctuation in price levels."

While the opinion did not discuss the question of right to appeal remand orders, we view the policy considerations expressed there as sound and are of the opinion the public interest is better served by holding that the order here is appealable.

■ Kentucky Utilities argues that particularly where, as here, the utility has already collected increased rates subject to refund that the evidence of actual experience should be permitted. Our attention is directed to our opinions in *Lexington Telephone Co. v. Public Service Commission*, 311 Ky. 584, 224 S.W.2d 423 (1949), and *City of Lexington v. Public Service Commission of Ky.*, Ky., 249 S.W.2d 760 (1952). In *Lexing-*

ton Telephone Co., the utility sought a rate increase based on the added costs of conversion to a dial system, and the Public Service Commission denied any increase in rates. This court determined that the Commission acted unreasonably in denying the utility the relief sought by it, then held the case should be remanded for the Commission to consider the matter in the light of the financial phases of the conversion program which had been completed after the hearing before the Commission. In *City of Lexington*, the second appeal, the opinion cites *Lexington Telephone Co.* for the proposition that the conversion period had ended and that the Public Service Commission in reconsidering the case would no longer be required to base its decision upon estimates and expectancies, but would have before it the records of actual operation. The opinion then approved the order of the Public Service Commission based on the actual operations of the utility. In our view, these cases support the argument of Kentucky Utilities. We have attempted to distinguish the cases, but find that we cannot. It may be for the reason that this was a non-recurring problem, that is, conversion to a dial system; there is a distinction, but at best it is a tenuous distinction. Ordering use of actual experience as in those cases is an appealing argument, but we are of the opinion that the larger question is whether this court is also bound by the statutory provisions governing judicial review. We conclude that we are equally bound and, so, overrule both *Lexington Telephone Co.* and *City of Lexington.*

Kentucky Utilities argues that we have recognized exceptions to the "newly-discovered evidence" rule even in ordinary civil actions, relying on *Cawood v. Cawood*, Ky., 329 S.W.2d 567 (1959), *Woods v. Kentucky Traction & Terminal Co.*, 252 Ky. 78, 65 S.W.2d 961 (1933), and *Anshutz v. Louisville Ry. Co.*, 152 Ky. 741, 154 S.W. 13 (1913). *Cawood* denied relief for the reason that there was no proof the evidence was in existence before judgment; *Woods* denied relief for the reason the evidence was not in existence before judgment; and *Anshutz* portrayed a classic situation of evidence in

existence at the time of the trial which could not reasonably have been discovered before trial. None of these opinions supports the argument advanced by Kentucky Utilities aside from the fact that we are not dealing with an ordinary civil case but a rate-making case with judicial review limited by statute.

Finally, we have not considered the workmen's compensation cases relied upon by the Attorney General and the Public Service Commission for the reason they represent a different body of law on appealability of remanded cases, and we prefer to base this opinion on the statutes governing judicial review in KRS Chapter 278.

Accordingly, we reverse and direct that the trial court decide the case on the evidence submitted to the Commission.

All concur.