# IMPORTANT NOTICE
## <u>NOT TO BE PUBLISHED OPINION</u>

THIS OPINION IS DESIGNATED "NOT TO BE PUBLISHED."
PURSUANT TO THE RULES OF CIVIL PROCEDURE
PROMULGATED BY THE SUPREME COURT, CR 76.28(4)(C),
THIS OPINION IS NOT TO BE PUBLISHED AND SHALL NOT BE
CITED OR USED AS BINDING PRECEDENT IN ANY OTHER
CASE IN ANY COURT OF THIS STATE; HOWEVER,
UNPUBLISHED KENTUCKY APPELLATE DECISIONS,
RENDERED AFTER JANUARY 1, 2003, MAY BE CITED FOR
CONSIDERATION BY THE COURT IF THERE IS NO PUBLISHED
OPINION THAT WOULD ADEQUATELY ADDRESS THE ISSUE
BEFORE THE COURT. OPINIONS CITED FOR CONSIDERATION
BY THE COURT SHALL BE SET OUT AS AN UNPUBLISHED
DECISION IN THE FILED DOCUMENT AND A COPY OF THE
ENTIRE DECISION SHALL BE TENDERED ALONG WITH THE
DOCUMENT TO THE COURT AND ALL PARTIES TO THE
ACTION.

$\mathfrak{Supreme}$ $\mathfrak{Court}$ $\mathfrak{of}$ $\mathfrak{Kentucky}$ FINAL

2014-SC-000189-WC

DATE 1-8-15 Emt Brown P.C.

KUHLMAN ELECTRIC CORP.                                      APPELLANT


                    ON APPEAL FROM COURT OF APPEALS
V.                   CASE NO. 2013-CA-001424-WC
                  WORKERS' COMPENSATION NO. 08-79685


REX CUNIGAN;
HONORABLE CHRIS DAVIS,
ADMINISTRATIVE LAW JUDGE;
JOSEPH W. JUSTICE; AND
WORKERS' COMPENSATION BOARD                                 APPELLEES


                **MEMORANDUM OPINION OF THE COURT**

                            **AFFIRMING**

    Appellant, Kuhlman Electric Corp., appeals the reopening of Rex

Cunigan's workers' compensation award. Kuhlman argues that the Court of

Appeals and Workers' Compensation Board erred by reversing the

Administrative Law Judge's ("ALJ") opinion and order which dismissed the

motion to reopen because: 1) the alleged lumbar disc herniation claim is

procedurally barred by *res judicata*; and 2) there were not adequate grounds

presented by Cunigan to reopen the claim. For the below stated reasons we

affirm the Court of Appeals, albeit on slightly different grounds.

Cunigan worked for Kuhlman as a janitor who performed preventive maintenance. On April 24, 2008, he fell and suffered a work-related injury. He reported the injury to his supervisor but did not seek medical treatment at that time. However, Cunigan later began to suffer from pain in his buttocks and left leg.

On April 22, 2009, Cunigan filed a Form 101 as a *pro se* claimant seeking benefits for an alleged left leg injury. Cunigan attached to the Form 101 a statement indicating that his treating physician, Dr. J. Rick Lyon, wanted him to undergo an MRI to determine the cause of his pain. However, Kuhlman filed a Form 112 medical fee dispute arguing that the MRI was unnecessary based on the opinion of Dr. Michael Best who did not find any evidence of radiculopathy or myelopathy in his examination of Cunigan. Prior to the final hearing, Cunigan did not undergo an MRI. The majority of the medical evidence introduced before the final hearing indicated that Cunigan suffered from a hamstring tear.

ALJ Joseph W. Justice was assigned to the matter. He ordered a university evaluation to be performed to determine the cause of Cunigan's pain, but this was set aside on Kuhlman's petition for reconsideration. At the final hearing, held on May 21, 2010, Cunigan, still representing himself *pro se*, testified that, "All I want is to get the MRI, find out why a little old hamstring tear, I'm still hurting in the center, not in my, right below my belt, my butt, my leg swells. I stay up on it all day long. All I want is the MRI."

In an opinion, award, and order, ALJ Justice found that Cunigan had a work-related injury to his hamstring but that it healed and caused no permanent impairment. In regards to the requested MRI, ALJ Justice stated:

> [Kuhlman] filed a medical fee dispute contesting a proposed MRI by Dr. Lyon. The ALJ has already discussed the matter herein. Under the medical evidence filed herein, with [Cunigan] having no objective medical evidence of radiculopathy, and the EMG being negative for disc injury, and with the hamstring diagnosis, the ALJ was persuaded by Drs. Best and Goldman that an MRI was not reasonable or necessary.

ALJ Justice awarded Cunigan temporary total disability benefits from April 25, 2008, through October 1, 2008, and dismissed his claim for permanent partial disability benefits. ALJ Justice also found that Cunigan was not entitled to any future medical treatments.

On October 28, 2010, Cunigan, now through counsel, filed a motion to reopen pursuant to KRS 342.125. The motion to reopen was based upon an MRI performed by Dr. Richard Lingreen on August 23, 2010, which indicated that Cunigan had a large central disc herniation at L5-S1. Cunigan also filed a report by Dr. Gregory Wheeler, who connected the disc herniation to his work-related fall. Kuhlman objected, arguing that the ALJ's findings regarding any lumbar injury was the law of the case per *res judicata* and that Cunigan failed to preserve the issue. Kuhlman also filed a new report from Dr. Best in which he opined that any disc herniation was unrelated to Cunigan's work-related fall.

Ultimately the matter was assigned to ALJ Chris Davis.[1] He entered an order dismissing the motion to reopen. ALJ Davis stated:

> I have, I hope, given the potential gravity of [Cungan's] low back injury, carefully weighted the equities, facts and law herein. I agree entirely with [Cunigan] that a condition that is originally found to be a temporary condition can be re-opened to show a worsening of condition into a permanent condition.
>
> I have also considered that at the time of the original litigation [Cunigan] was acting *pro se,* with all of its difficulties and disabilities. I have further [] taken into account the fact that [Cunigan] may have a serious low back injury.
>
> Nonetheless, it is clear to me that when Justice Palmore, *Messer [v.] Dress,* 382 S.W.2d 209 (Ky. 1964) spoke of 'mistake' and 'change of condition' he was not speaking of a Plaintiff, on re-opening, alleging an entirely new injury and body part.
>
> Furthermore, while [Cunigan] correctly argues that no physician, at the time of Judge Justice's original opinion, affirmatively stated [he] had a herniated disk it was clear that Dr. Lyons had requested lumbosacral MRI. That MRI was denied and the issue of it was before Judge Justice. Therefore, the issue of whether or not [Cunigan] might have a work-related low back injury was before Judge Justice but he concluded that [Cunigan] only had a temporary hamstring injury.
>
> Finally, on this issue, it is clear that [Cunigan] is not arguing that the herniated disk arose subsequent to the Opinion by Judge Justice, as a result of wear and tear or some other possible theory, but was present and work-related prior to the Opinion by Judge Justice. And, as discussed, Judge Justice was not persuaded.
>
> Therefore, based on the following, including but not limited to the fact that the herniated disk was in existence at the time Judge Justice wrote his opinion, the issue of further lumbosacral treatment was before him and denied, and the only work-related finding was of a temporary hamstring injury[, Cunigan], as a matter of law, is precluded, based on the doctrine of *res judicata,* from now arguing that he has a work-related low back injury.
>
> Accordingly, all of his claims in this matter, at this time, are dismissed because, as a matter of law and procedure, he does not have a work-related low back injury. .
>
> . . . .

---

[1] The motion to reopen was originally assigned to ALJ Jennie Owen Miller but she recused.

4

> I am compelled to address [Cunigan's] argument that at the time of Judge Justice's original opinion neither the physicians, the parties, nor the Judge had the benefit of the MRI. Whether or not this is newly discovered evidence is not properly before the undersigned and will not be considered. Certainly the issue of the work-relatedness of the lumbar spine was before Judge Justice.

Cunigan filed a petition, and an amended petition, for reconsideration. These were denied.

Cunigan then appealed to the Board which reversed and remanded the ALJ's decision. The Board held that Cunigan established the requisite showing to reopen on two of the grounds provided in KRS 342.125: newly discovered evidence and mistake. The Court of Appeals affirmed the Board. Kuhlman now files this appeal.

In reviewing Kuhlman's argument we note that the Court of Appeals only needed to correct the Board "if it overlooked or misconstrued controlling statutes or precedent, or committed an error in assessing the evidence so flagrant as to cause gross injustice. The function of further review in our Court is to address new or novel questions of statutory construction, or to reconsider precedent when such appears necessary, or to review a question of constitutional magnitude." *Western Baptist Hospital v. Kelly*, 827 S.W.2d 685, 687-688 (Ky. 1992). Keeping these standards in mind, we affirm the Court of Appeals.

5

# I. CUNIGAN'S MOTION TO REOPEN WAS NOT BARRED BY THE DOCTRINE OF *RES JUDICATA*

Kuhlman's first argument is that Cunigan's motion to reopen his claim, based on a lumbar disc herniation, is barred by *res judicata*. It contends that the doctrine of *res judicata* applies because Cunigan was required to include all of his alleged injuries, including his newly alleged lumbar disc herniation, in his original claim. Additionally, Kuhlman believes since the ALJ found there was no evidence to support ordering an MRI to be performed, it was conclusively decided that any lower back injury was not work-related.

"The doctrine of *res judicata* (also known as the doctrine of the finality of judgments) is basic to our legal system and stands for the principle that once the rights of the parties have been finally determined, litigation should end. Thus, where there is an identity of parties and an identity of causes of action, the doctrine precludes further litigation of issues that were decided on the merits in a final judgment." *Slone v. R & S Mining*, Inc., 74 S.W.3d 259, 261 (Ky. 2002). However, KRS 342.125 provides that a final judgment in a workers' compensation proceeding can be reopened if one of four grounds is met "(a) Fraud; (b) Newly-discovered evidence which could not have been discovered with the exercise of due diligence; (c) Mistake; and (d) Change of disability as shown by objective medical evidence of worsening or improvement of impairment due to a condition caused by the injury since the date of the award or order." *See AAA Mine Services v. Wooten*, 959 S.W.2d 440, 441 (Ky. 1998) ("Although the concept of finality applies to workers' compensation awards,

KRS 342.125 provides some relief from the principles of *res judicata* under certain specified conditions.")

While ALJ Justice failed to order the requested MRI be performed, that does not preclude Cunigan from asking to reopen his claim. Thus, *Res judicata* does not prevent the reopening of this claim. We now look to see if Cunigan presented evidence of at least one of the grounds in KRS 342.125 which allows for the reopening of a claim. We focus on the two grounds which the Board found Cunigan satisfied: newly discovered evidence and mistake.

## II. THE MRI DOES NOT CONSTITUTE NEWLY DISCOVERED EVIDENCE UNDER KRS 342.125(1)(b) TO JUSTIFY REOPENING CUNIGAN'S CLAIM

Kuhlman argues that the MRI, which shows the existence of Cunigan's lumbar injury, is not newly discovered evidence per KRS 342.125(1)(b) to justify a reopening of his claim. It contends that the MRI cannot be newly discovered evidence because it did not come into being until the day the original workers' compensation award was signed by ALJ Justice. In *Russellville Warehousing v. Bassham*, 237 S.W.3d 197, 201 (Ky. 2007), we stated:

> . . . *Black's Law Dictionary* 579 (7th ed. 1999) explains that 'newly discovered evidence' is a legal term of art. It refers to evidence that existed but that had not been discovered and with the exercise of due diligence could not have been discovered at the time a matter was decided. *Stephens v. Kentucky Utilities Company*, 569 S.W.2d 155 (Ky. 1978), explains further that when the term is used in a statute, it may not be construed to include evidence that came into being after a matter was decided. The decisive effect of evidence does not arise unless it is properly viewed as being 'newly discovered.' *See Walker v. Farmer*, 428 S.W.2d 26 (Ky. 1968). Bassham's autopsy report was not newly discovered evidence for

7

the purposes of KRS 342.125 because it did not exist when Bassham's award was rendered; therefore, its decisive effect was immaterial unless another ground existed for reopening.

In this matter, the MRI was not in existence when Cunigan's claim was decided. Based on our holding in *Bassham,* we must find that the Board and Court of Appeals erred by finding that the MRI was newly discovered evidence. Therefore, Cunigan has not satisfied KRS 342.125(1)(b) to reopen his claim.

### III. CUNIGAN'S CLAIM CAN BE REOPENED BASED ON MISTAKE

Kuhlman's last argument is that mistake cannot be used as grounds to reopen Cunigan's claim. The Board and Court of Appeals found Cunigan made a *prima facie* showing of mistake to reopen his award pursuant to KRS 342.125(1)(c) because all of the doctors who examined him believed he suffered from a hamstring strain and failed to diagnose his disc herniation. Kuhlman argues that a mistake made by physicians or expert witnesses is not what was intended to be covered by KRS 342.125(1)(c). Instead Kuhlman contends that "mistake" in that statute refers to a mutual mistake by the parties. We disagree.

As written by then Judge Palmore regarding mistake:

> [w]hen subsequent events indicate that an award was substantially induced by a misconception as to the cause, nature or extent of disability at the time of the hearing, justice requires further inquiry. Whether it be called a 'mistake' or 'change in conditions' is a matter of mere semantic taste. The important question is whether the man got the relief to which the law entitled him, based upon the truth as we are now able to ascertain it.

*Messer v. Drees*, 382 S.W.2d 209, 213 (Ky. 1964). Here Cunigan has presented evidence which potentially indicates that the doctors who examined him

8

misdiagnosed his injury. If an expert witness or physician makes an erroneous diagnosis, which causes the claimant to not receive proper relief, there must be a mechanism for the claimant to be able to reopen his claim so he may receive redress. It would be patently unfair for Cunigan to be unable to reopen his claim because of a potential misdiagnosis. Additionally Cunigan was a *pro se* claimant throughout the original proceeding and as such had limited knowledge of how to obtain the MRI via the workers' compensation system. The purpose of workers' compensation is to compensate a worker who was injured on the job and allowing the reopening of this claim to determine if the lumbar injury is compensable is within the spirit of that doctrine. While the ALJ might review the new evidence presented and ultimately decide against adjusting Cunigan's award, Cunigan has presented sufficient evidence, in the form of the MRI and Dr. Wheeler's report, to allow his motion to reopen be granted due to mistake.

Thus, for the above stated reasons, we affirm the Court of Appeals.

All sitting. Minton, C.J.; Abramson, Cunningham, Noble, Keller, and Scott, JJ., concur. Venters, J., dissents.

COUNSEL FOR APPELLANT,
KUHLMAN ELECTRIC CORP.:

George T. Kitchen, III
Richard Edwin Neal

COUNSEL FOR APPELLEE,
REX CUNIGAN:

Roy Church Gray, III

COUNSEL FOR APPELLEE,
JOSEPH W. JUSTICE:

Joseph Wells Justice